## WELSH *v.* MANHATTAN EL. R. Co. *et al.*

*(Superior Court of New York City, General Term. January 6, 1890.)*

TRIAL—FINDINGS OF FACT—CONFLICTING CONCLUSIONS.

A finding, in an action for trespass, that the evidence does not establish any definite amount of damage for which judgment can be rendered, is a conclusion, and not a fact, and will not be permitted to overrule a finding, which is sustained by the evidence, that the trespass complained of resulted in a diminution of $5,198 in the rental value of plaintiff's premises.

Appeal from special term.

S. Charles Welsh, as surviving executor and trustee, etc., brought an action for trespass against the Manhattan Elevated Railroad Company and another. Plaintiff had judgment, and defendants appeal.

Argued before FREEDMAN and INGRAHAM, JJ.

*Geo. W. Van Nest,* for appellant. *Samuel B. Rodgers,* for respondent.

INGRAHAM, J. The court found as a fact that the trespass committed by the defendants has diminished the rental value of the plaintiff's premises from the 16th day of March, 1882, to the time of the trial, and that the damages to the plaintiff for such diminution was the sum of $5,198. This finding is sustained by the evidence, and justifies the conclusion of law that the plaintiff is entitled to judgment against the defendants for that sum. The court also found, at the request of the defendants, as follows: "*Thirty-first.* The evidence does not establish any definite amount of damage for which any judgment can be rendered. And it is now claimed by the appellants that this finding is inconsistent with the findings before mentioned, and for that reason the judgment should be reversed. But it is clear that this thirty-first finding does not state a fact. By section 1022 of the Code, the decision of the court on a trial without a jury must state the facts found and the conclusions of law separately. As to what the evidence does or does not establish is a conclusion, and not a fact. The fact as to the amount of damage was found, and, if the thirty-first finding, above cited, is of any effect at all, it is as a conclusion of law; and, as it is clearly erroneous, it cannot affect or overrule the correct conclusion of law, that the plaintiff was entitled to a judgment for the amount of the damage that the court finds, as a fact, was sustained by the plaintiff in consequence of the trespass. No principle requires us to reverse a judgment because of inconsistent conclusions of law when the judgment directed to be entered is in accordance with the correct conclusions of law on the facts found. The trial judge refused to find as a fact that the plaintiff's access to the premises had not been interfered with, stating, as his reason therefor: "I refuse to so find, as the plaintiff will not recover for interference with access." We think the facts justified such a refusal; and we cannot reverse the judgment because of the reason assigned by the trial judge for the refusal to find one of the defendant's requests, especially where he has found the facts covered by the request, and such finding, as made, is sustained by the evidence.

Nor do we think that the terms on which the defendants can acquire the interests of the plaintiff in the easement should be modified. The condition that the injunction should not be operative on the payment of the value of the easement is for the benefit of the defendants. They are not bound to avail themselves of its provisions. The interest that the plaintiff has in the easement appropriated by the defendants is the right to use such easement for the unexpired term of the lease; and the court fixed the value of such use of the easement for such unexpired term, and provided for a conveyance to the defendants. It is not certain that plaintiff will accept a renewal of the lease, or will have any interest in the easement, after his present term has expired. The defendants cannot complain because the court fixed the value of the easement too low, or because the court refused to compel the defendants to pay for the

value of the use of the easement for a future period, but left the rights of the parties to be settled by a new action, in case it should subsequently appear that a continuance of the trespass would cause future injury to the plaintiff's rights.

These are the only exceptions which the appellants present to us as requiring a reversal of the judgment, and we think none of them well taken. The judgment should therefore be affirmed, with costs.