GEORGE HOCKNELL, *etc.*, v. M. G. SHELEY *et al.*
No. 12,968. (71 Pac. 839.)

SYLLABUS BY THE COURT.

NOTE AND MORTGAGE—*Effect of Fraudulent Alteration.* The fraudulent alteration of a promissory note in a material respect destroys the note as a cause of action and will defeat a recovery on the original consideration, and if the note is secured by a mortgage such alteration operates to discharge the mortgage.

Error from Norton district court; A. C. T. GEIGER, judge. Opinion filed March 7, 1903. Affirmed.

*L. H. Wilder,* for plaintiff in error.

*L. H. Thompson,* and *T. W. Simmons,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff in error sued the defendants in error in replevin to recover the possession of certain personal property which had been mortgaged to plaintiff to secure the payment of an indebtedness. This debt was evidenced by a note. This action, however, was not on the note but on the debt. The defense was that the debt sued on, to secure which the mortgage was given, was evidenced by a promissory note; that after the execution and delivery thereof the plaintiff fraudulently altered the note in a material respect by erasing the word "maturity" and inserting the word "date," to make it read "with interest from date" instead of "from maturity," and that such fraudulent alteration canceled the debt. The defendants recovered judgment in the court below, to reverse which plaintiff prosecutes this error.

The case was tried without the intervention of a

jury, and the court made the following findings of fact:

"3d. That the note made September 6, 1891, was a printed blank and filled in with pen, and at the time of the execution thereof provided for interest at ten per cent. per annum from the maturity of the same.

"4th. That after the execution and delivery of the said note, and without the knowledge and consent of the defendant, the payee thereof, William Simpson, struck out in the said note the word 'maturity' and inserted in lieu thereof the word 'date,' making said note read 'interest from date,' instead of, as executed, 'interest from maturity.'

5th. That at the time of the settlement and the making of the said note and mortgage, no payments were made in money.

"6th. It is further found that at the time the note and mortgage were executed, and upon which latter this suit in replevin is brought to recover the property therein mortgaged to plaintiff by the defendant to secure said note so altered by the plaintiff, that it was the agreement between the plaintiff and the defendants that the said note bear interest after maturity, and not from the date thereof.

"7th. That the note secured by the mortgage herein sued upon was materially altered by the plaintiff, William Simpson, now deceased, in fraud of the defendants' rights—probably without any intent to perpetrate any fraud upon any one, but that it operated as a fraud against the defendants and their rights."

It is admitted that the alteration in the note was material, but it is contended that it was innocently made and, therefore, only destroyed the note as an evidence of indebtedness. It is claimed that the language used in finding No. 7 does not necessarily mean that the alteration was fraudulently made; that the words, "probably without any intent to perpetrate any fraud upon any one," so qualify the language of

the findings as to show that the court did not intend
to be understood as finding that the alteration was
fraudulently made.   In view of the other findings of
the court we cannot accept this contention.   In find-
ing No. 3, it is said that the note "was a printed
blank and filled in with pen, and at the time of the
execution thereof provided for interest at ten per cent.
per annum from the maturity of the same."   In No.
4, the court finds that after the execution and delivery
of the note, and without the consent of the defendants,
Simpson struck out the word "maturity" and inserted
in lieu thereof "date."   In No. 6, it is said that, at
the time the note and mortgage were executed, it was
the agreement between plaintiff and defendants that
the note bear interest after maturity and not from the
date thereof.

These findings satisfy us that the court meant to,
and did, find that the note was fraudulently altered.
It is the generally accepted doctrine that a fraudulent
alteration of a note in a material respect defeats a re-
covery on the original debt from the maker of the note
to the payee.

In Daniel on Negotiable Instruments, section 1410,
it is said :

"In the first place, as to *fraudulent alteration*, when
a party to a bill or note fraudulently alters its legal
effect, he not only destroys the instrument by thus
destroying its legal identity, but he also extinguishes
the debt for which it was given.   .   .   .   It is nec-
essary that the law should impose this forfeiture of
the debt itself upon one who fraudulently tampers
with the instrument which evidences or secures it;
and it is done upon the principle 'that no man should
be permitted to take the chance of gain by the com-
mission of a fraud without running the risk of loss in
the case of detection.' "

In *Vogle et al. v. Ripper*, 34 Ill. 100, 106, 85 Am. Dec. 298, it was said :

"A material alteration of an instrument, fraudulently made by its holder, justly deprives the wrongdoer of all rights by virtue of it. The identity of the instrument is thereby destroyed, and the courts will not assist persons who have been guilty of a fraud to carry out the transaction wherein it was perpetrated. A party who voluntarily and fraudulently destroys the evidence of a debt agreed upon by the parties ought not to be allowed to supply its place by other evidence."

"Where the holder of a written security, or evidence of debt, has, with intent to defraud his debtor, altered the instrument in a material respect, no recovery can be had on the original consideration. Hence a fraudulent, as well as material, alteration of a promissory note by the payee will prevent him from recovering on either the note or the original consideration." (2 A. & E. Encycl. of L., 2d ed., 202.)

If a promissory note thus fraudulently altered in a material particular is secured by mortgage, such alteration operates to destroy the mortgage.

The judgment of the court below is affirmed.

All the Justices concurring.