[Civil No. 2505. Filed November 8, 1926.]

[250 Pac. 367.]

JAMES A. HARRISON, Appellant, v. BLAINE W. ROARK and MARGARET C. ROARK, His Wife, Appellees.

74

Messrs. Hardy & Hardy, for Appellant.

Mr. Duane Bird, for Appellees.

LOCKWOOD, J.—James A. Harrison, hereinafter called plaintiff, brought suit in the superior court of Santa Cruz county against Blaine W. Roark and Margaret C. Roark, his wife, hereinafter called defendants, to collect a balance due on a promissory note executed by defendants, and to foreclose a realty mortgage given by them to secure the payment of the note. They answered, admitting the execution of the note and mortgage, but setting up in substance as a defense that plaintiff, with intent to cheat, defraud and injure the defendants, had made a material alteration in the note without their authorization; claiming that by reason of such alteration the note and the mortgage securing the same became null and void, and praying that the instruments be canceled and delivered up to them.

Plaintiff in his reply admitted that he had altered the note in a material particular, but denied that it was done with any fraudulent intent. The action was heard before the court sitting without a jury, and at the conclusion of the trial the court made findings of fact and conclusions of law, and rendered judgment thereon that the plaintiff take nothing by his action, and that the defendants recover their costs. After the usual motion for new trial was made and denied, plaintiff appealed to this court.

There are some seven assignments of error which plaintiff has grouped so as to raise four legal questions, which we will consider in their order. The first is that the findings of fact and conclusions of law with reference to the fraudulent conduct of plaintiff in altering the note are inconsistent; second, that the conclusion of law that the conduct of plaintiff in altering the promissory note constituted legal fraud is not supported by the findings of fact; third, that

the conclusions of law do not fall within the pleadings or the theory upon which the case was tried; and, fourth, that, notwithstanding the conclusion of law that the alteration of the promissory note was material, plaintiff is nevertheless entitled to recover upon the original indebtedness and upon the mortgage.

In order that we may discuss these assignments intelligently, it is necessary that we state certain of the findings of the court. After setting up that defendants were indebted to Arcus Reddoch in the sum of $3,250 and that they gave him a note for that amount, due three years after date, with interest at eight per cent, together with a mortgage on certain real estate securing the payment of said note, and that Reddoch, shortly after the execution of the note and mortgage, sold them to plaintiff, the findings read, in part:

"After the execution and delivery of the note and mortgage aforesaid and the transfer and assignment thereof to the plaintiff herein, the plaintiff, without the assent or authorization of the defendants, or either of them, altered the said note by striking and erasing the word 'three' therefrom and inserting the word 'two' therein so as to make and alter the said note to read 'two years after date, without grace, I, we, or either of us, promise to pay to the order of Arcus Reddoch' instead of 'three years after date, without grace, I, we, or either of us promise to pay to the order of Arcus Reddoch. . . . '

"Plaintiff, after having altered the said note, attempted to collect the same from the defendants, and after having thus attempted to collect the same as thus altered, and having failed, thereafter restored the note to its original date of maturity. . . . The plaintiff claims that he changed the note to make it comply with an understanding that he had that the note would be due in two years. I can find no justification in the evidence for any belief in his mind that the note should mature in two years from the date thereof. . . . I therefore find that the plaintiff made

the aforesaid alteration of the note with the intention of advancing the maturity date thereof a period of one year. . . . In my judgment the purpose of the plaintiff at the time he made the alteration was either to collect the note at the expiration of two years from its date, or to renew it at a higher rate of interest.''

The conclusions of law based on the findings are in the following language:

''I. That the alteration made upon the note sued on was a material alteration.

''II. That the alteration upon the note made by the plaintiff under the foregoing facts constituted a legal fraud against the defendants.

''III. That the plaintiff can neither recover upon said note nor recover upon the debt and have his mortgage foreclosed.''

Taking up the first point made by plaintiff, the contention is the finding that ''the plaintiff made the aforesaid alteration of the note with the intention of advancing the maturity date thereof a period of one year,'' and the other that ''the purpose of the plaintiff at the time he made the alteration was either to collect the note at the expiration of two years from its date or to renew it at a higher rate of interest,'' are inconsistent, in that there are two contradictory purposes set up. We cannot agree with plaintiff in his construction of the findings. As we understand it, the court found it to be the intention of plaintiff to advance the date of maturity of the note a year, with the purpose of compelling defendants to choose between two courses of action, either of paying the debt a year before it was due or else increasing the interest rate. The findings are positive and consistent as to plaintiff's intention and purpose.

The second point made is that the findings of fact do not support the conclusion of law to the effect that the conduct of plaintiff in altering the note was

"legal" fraud. We are of the opinion plaintiff is correct in this claim. "Legal" fraud is generally taken as synonymous with "constructive" fraud. This may well be defined as:

"Acts, statements, or omissions which operate as virtual frauds on individuals, or which, if generally permitted, would be prejudicial to the public welfare and yet have been unconnected with any selfish or evil design." *Spallholz* v. *Sheldon*, 158 App. Div. 367, 143 N. Y. Supp. 417; Id., 216 N. Y. 205, Ann. Cas. 1917C 1017, 110 N. E. 431.

"Actual" fraud, on the other hand, may be described as:

"When the party intentionally, or by design, misrepresents a material fact, or produces a false impression in order to mislead another, or to entrap or cheat him, or to obtain an undue advantage over him, in every such case there is a positive fraud, in the truest sense of the terms." *Willink* v. *Vanderveer*, 1 Barb. (N. Y.) 599, 607.

The principal difference between "actual" and "constructive" fraud is that in the first case there is an intent to induce another to part with property or surrender some legal right, while in the other, although the act may accomplish that purpose, there is no such intent on the part of the actor. The presence or absence of such an intent distinguishes "actual" from "constructive" or "legal" fraud.

According to the findings of fact, the plaintiff knowingly changed the note with the intention of advancing its maturity date for one year, and thereby compelling defendants either to pay a higher rate of interest than that set forth in the note, or else to pay the principal one year before it was actually due. There can be no question that an act of this nature is fully within the definition of "actual" rather than "legal" fraud, and the second conclusion of law is erroneous

in that respect. Should this error, however, cause a reversal of the case? The judgment rendered is the one which would be correct, had the court made the only conclusion of law which could legally be drawn from the findings of fact, to wit, that actual fraud existed. *Carey Mfg. Co.* v. *Watson,* 58 W. Va. 189, 52 S. E. 515; *Hocknell* v. *Sheley,* 66 Kan. 357, 71 Pac. 839; *Walton Plow Co.* v. *Campbell,* 35 Neb. 173, 16 L. R. A. 468, 52 N. W. 883; 2 C. J. 1182. It would be indeed the height of technicality to hold that when the only proper judgment consistent with the facts in the case had been rendered that it would be reversed and sent back, so that the trial court could, on the approved findings of fact, solemnly correct its statement as to the conclusions of law, and render exactly the same judgment as before. The situation is very different from one in which the findings of fact are contradictory, or the conclusions of law are at variance with the findings of fact, and the judgment rendered is different from what it would have been, had the proper conclusions been made. We are of the opinion that a judgment should not be reversed because of inconsistent conclusions of law, when the judgment rendered is in accordance with the correct conclusions of law on the facts found. *Welsh* v. *Manhattan Electric Ry. Co.* (Super. Ct.), 8 N. Y. Supp. 492; *Knox* v. *Met. El. Ry. Co.,* 58 Hun 517, 12 N. Y. Supp. 848; Id., 128 N. Y. 625, 28 N. E. 485.

This disposes of the third legal proposition, that the conclusions of law do not fall within the pleadings or the theory upon which the case was tried, for defendants relied upon actual fraud, and the court found facts which as a matter of law constituted actual fraud, and rendered a judgment in harmony with such finding, and also of the last assignment of error, to the effect that, notwithstanding the note was void under section 4269, Revised Statutes of

Arizona of 1913, Civil Code, plaintiff was entitled to recover upon the original consideration and upon the mortgage.

We appreciate that the penalty which the law visits upon plaintiff in this case is, as was said by the trial court, a severe one. We agree with that court's opinion that we cannot conceive he realized the full effect of his act at the time he made the alteration in question. The facts, however, as found by the trial court, are of such a nature that no other course was open to it than to render the judgment which it did, and for the same reasons, on those facts, it must be upheld by this court.

Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.