555 P.2d 326
**ARIZONA CORPORATION COMMISSION**
**et al., Appellants,**

v.

**ARIZONA PUBLIC SERVICE COMPANY,**
**an Arizona Corporation, Appellee.**

**No. 12697.**

Supreme Court of Arizona,
En Banc.

Sept. 16, 1976.

Bruce E. Babbitt, Atty. Gen., by Charles S. Pierson, Asst. Atty. Gen., Murphy & Storey by Robert T. Murphy, Phoeniz for Ariz. Corp. Commission.

Kenneth Sundlof, Bruce Meyerson, Phoenix, for Power.

Snell & Wilmer, by Mark B. Wilmer, Edward Jacobson and Jaron B. Norberg,

Phoenix, for Ariz. Public Service Company.

HAYS, Justice.

This matter came to the Supreme Court in a procedurally unusual manner, a manner which is of necessity reserved to those unusual cases which present a far-reaching, statewide problem demanding in the public interest an early solution.

The Arizona Corporation Commission filed a Petition for Special Action, No. 12683, against the respondent Superior Court Judge and real parties in interest, Arizona Public Service Company and an unincorporated association concerned with power rates. Prior thereto the aforesaid unincorporated association and three individuals had filed a Petition for Special Action, No. 12697, naming the same Superior Court Judge as respondent and Arizona Public Service Company as real party in interest.

Pursuant to a stipulation presented by all parties to both actions, the court consolidated the actions and ordered that the consolidated action be treated as an appeal. Briefs were filed and oral argument was had.

On March 5, 1975 Arizona Public Service Company filed a formal application with the Corporation Commission for a hearing to determine the fair value of the property of the Company for ratemaking purposes, and to fix a just and reasonable rate thereon. The Company also sought approval of the emergency interim rate schedule approved January 16, 1975 and a determination that said rate schedules should be made permanent. Hearings commenced May 12, 1975 and concluded on July 11, 1975. In its opinion and order dated October 30, 1975, the Commission found a fair-value rate base at the end of the test year in the amount of $957,478,500 and a fair rate of return of 7.882%. The interim increases of 17.7% for electric and 11.68% for gas service which had been allowed in January were approved, but the

Company's request for an additional 7% was rejected.

Previously, in September of 1974, the Company had filed an application for a rate increase, but the hearing had been deferred because the Commission lacked funds to make the requisite investigation. After the hearing, the interim rates mentioned above were granted. Some further delay was occasioned by the Company's request for continuance.

On November 12, 1975 the appellee company, pursuant to ARS § 40–254, filed an action in the Superior Court alleging that the Commission's order violated due process of law in that it would result in confiscation of the Company's property.

On January 12, 1976 the matter was tried before Judge Case. The Company presented the testimony of one witness, the vice-president and treasurer of the utility. He gave a history of the financial difficulties of the Company resulting in a lower rating of the utility's bonds. The witness then pointed out the descending amount of the rate of return on fair value as time progressed. He stated that the rates set by the Commission are confiscatory and will make the financing of the Company's construction program expensive, and if not impossible, at least much more difficult. He further indicated that in confining the testimony and evidence of fair value to the calendar year 1974 which had been designated as the historic test year, an unfair and illegal result obtained.

The witness pointed out that by September 30, 1975 plant additions were over $71,000,000 and that by year end 1976, plant additions in the amount of $209,000,000 will be in service. None of this evidence was considered by the Commission in determining the Company's fair-value rate base.

On April 19, 1976 the Superior Court Judge signed a judgment vacating and setting aside Order No. 46512 of the Corporation Commission, authorizing Arizona Public Service to file a schedule of reasonable

rates to be charged, and setting a bond in the amount of $250,000. Thereafter, as heretofore indicated, special actions were filed which were consolidated as an appeal.

■ The appellee, Arizona Public Service Co., asserted that the use of a historic test year in inflationary times with a rapidly expanding plant structure, becomes confiscatory. An examination of the record, however, indicates that there is no evidentiary basis for holding that the rate set by the Commission is at this juncture confiscatory. Prospectively the rate may well become confiscatory, but appellants contend that appellee's relief lies in a new demand for rate adjustment.

■ The Arizona Constitution, article 15, section 3, gives the Corporation Commission the power to make reasonable rates and charges to be collected by public service corporations. Article 15, section 14, requires the Commission to ascertain the fair value of the property within the state, of every public service doing business therein. Under the constitution as interpreted by this court, the Commission is required to find the fair value of the company's property and use such finding as a rate base for the purpose of determining what are just and reasonable rates. *Simms v. Round Valley Light & Power Co.*, 80 Ariz. 145, 294 P.2d 378 (1956).

■ The company is entitled to a reasonable return upon the fair value of its properties at the time the rate is fixed. *Simms v. Round Valley Light & Power Co., supra.* This however presents the problem with which we are confronted. The argument of the appellee is that the "fair value" set by the Commission is prospectively confiscatory because the use of a historic year produces a rate which is obsolete before it is set.

Even though there may be some merit to appellee's position, we are bound by the constitution and our previous decisions. We said in *Simms v. Round Valley Light & Power Co., supra*:

"The commission in exercising its rate-making power of necessity has a range of legislative discretion and so long as that discretion is not abused, the court cannot substitute its judgment as to what is fair value or a just and reasonable rate. [citations omitted]. The legislative duty and power to fix just and reasonable rates having been by the constitution delegated exclusively to the corporation commission, the courts cannot disturb the commission's ultimate conclusion or findings of facts in arriving at such conclusion when the same is supported by substantial evidence, is not arbitrary or is not otherwise unlawful. [citations omitted]. 80 Ariz. at 154, 294 P.2d at 384.

In *Arizona Corporation Commission v. Arizona Water Co.*, 85 Ariz. 198, 335 P.2d 412 (1959), we indicated that "a reasonable judgment concerning all relevant factors is required in determining the fair value of the properties at the time of the inquiry." 85 Ariz. at 201, 335 P.2d at 414. We also said in that case ". . . No formula is given for determining fair value, and we do not attempt to prescribe one, but the Commission must establish the rate base on the basis of fair value and that alone." 85 Ariz. at 202, 335 P.2d at 414.

■ The appellee would have us instruct the Corporation Commission that the use of the historic year device in determining fair value is unfair and lacking in due process. They opt for the use of a future test period method requiring some speculation as to future developments or they would perhaps settle for a mix of the historic year coupled with some speculations as to the future. Appellee cites no specific case authority which outlaws the historic year approach, and we have found none. Although we might be sympathetic to the problems of a rapidly expanding utility in inflationary times, we are restrained by the provisions of the constitution and our interpretations of that document. The determination of the formula to be used by the

Commission falls within their legislative function. Only if the determination of the fair value is arbitrary and unfair at the time it is made, can the courts interfere. *Simms v. Round Valley Light & Power Co., supra; Arizona Corporation Commission v. Arizona Water Co., supra.*

■ There is one aspect of this case which gives us some concern. The Commission in its Opinion and Order Decision No. 46512 stated that they were constrained to follow the opinion of the attorney general, No. 74–25(R51). We have no intention of discussing the whole of that opinion, but we do find that insofar as it advises the Corporation Commission that the Arizona Constitution and our cases require that the Commission may not consider additional plant under construction at the close of the historic year, it is not correct. The Corporation Commission in its discretion can adopt any of the various approaches used by public utility regulative bodies in considering plant under construction as long as the method complies with the constitutional mandate and is not arbitrary and unreasonable. *Cf Goodman v. Public Service Com'n of District of Columbia,* 162 U.S.App.D.C. 74, 497 F.2d 661 (1974).

A plant under construction is at least a relevant factor which the Commission could consider in determining fair value.

The attorney general's opinion would cut off consideration of any facts subsequent to the historic year. In *Simms v. Round Valley, supra,* we said: "Fair value means the value of properties at the time of inquiry [citing cases]," 80 Ariz. at 151, 294 P.2d at 382, and "[t]his is necessary for the reason that the company is entitled to a reasonable return upon the fair value of its properties at the time the rate is fixed [citing cases]." 80 Ariz. at 153, 294 P.2d at 383.

From the foregoing, it is obvious that the Commission in its discretion can consider matters subsequent to the historic year, bearing in mind that all parties are entitled to a reasonable opportunity to rebut evidence presented. Construction projects contracted for and commenced during the historical year may certainly be considered by the Commission upon the cutoff time previously indicated.

We would not presume to instruct the Commission as to how it should exercise its legislative functions. *Simms v. Round Valley, supra; Arizona Corporation Commission v. Arizona Water Co., supra.* However, it appears to be in the public interest to have stability in the rate structure within the bounds of fairness and equity rather than a constant series of rate hearings.

■ The order of the Arizona Corporation Commission dated October 30, 1975 having been influenced by a misapprehension as to our interpretation of the law, it is appropriate that the Commission have an opportunity to reconsider that order in light of this opinion.

The judgment of the trial court is vacated and the cause remanded to the trial court for return to the Arizona Corporation Commission.

The surety bond heretofore set by the trial court is to remain in full force and effect until the purposes enunciated in its terms have been accomplished.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.