556 P.2d 1126

**SUN CITY WATER COMPANY, an
Arizona Corporation, Appellant,**

v.

**The ARIZONA CORPORATION
COMMISSION, Appellee.**

**No. 12706–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 22, 1976.

Evans, Kitchel & Jenckes, P. C. by Earl
H. Carroll, Phoenix, for appellant.

Robertson, Molloy, Fickett & Jones, P.
C. by Charles D. Wahl and Michael J.
Meehan, Tucson, for appellee.

HOLOHAN, Justice.

The Arizona Corporation Commission (Commission) entered an order on October 23, 1973, allowing Sun City Water Company (Company) a 6.72% rate of return on the Company's fair value base. The Company was denied a rehearing in which it argued that the rate schedule set out by the Commission would not allow the Company to earn the Commission's established rate of return.

Pursuant to A.R.S. § 40-254, the Company filed an action in the Superior Court of Maricopa County for a de novo review of the Commission's decision. The trial court upheld the Commission's rate of return but remanded the matter back to the Commission to determine whether the adopted rate schedule would yield the full 6.72% rate of return. The Arizona Court of Appeals reversed and remanded the trial court's judgment with directions to return the case to the Commission for further proceedings to determine a proper rate of return and rate schedule. *Sun City Water Company v. Arizona Corporation Commission*, 26 Ariz. App. 304, 547 P.2d 1104 (1976). We granted review. Opinion of the Court of Appeals is vacated.

No challenge has been made to the fair value base determined by the Commission, but the Company argues on appeal that:

1. The Commission's adopted rate of return was unreasonable, unlawful and confiscatory.

2. The rate schedule set forth by the Commission is insufficient to provide the 6.72% rate of return.

3. The trial court erred in remanding the matter to the Commission for a determination of the rates to be paid by the customers.

The Company contends that the rate of return established by the Commission is unreasonable, unlawful and confiscatory. The superior court, after hearing

evidence at the de novo trial, found that the Company had not met the burden of proof necessary for a party to successfully challenge a Commission order. A.R.S. § 40-254(E) sets forth the required standard as follows:

"In all trials, actions and proceedings [in the superior court] the burden of proof shall be upon the party adverse to the commission or seeking to vacate or set aside any determination or order of the commission to show by *clear and satisfactory evidence* that it is unreasonable or unlawful." (Emphasis supplied.)

The trial judge found that the Company had not shown by "clear and satisfactory evidence" that the Commission's order regarding rate of return was "unreasonable or unlawful." The lower court was aware that it could not substitute its own judgment for the Commission's where the latter had not abused its range of legislative discretion. *Arizona Corporation Commission v. Arizona Public Service Company*, 113 Ariz. 368, 555 P.2d 326 (1976); *Simms v. Round Valley Light & Power Co.*, 80 Ariz. 145, 294 P.2d 378 (1956). When reviewing a superior court's de novo review of a Commission order this Court will not conduct a separate de novo trial but will uphold the trial court's judgment if it is supported by any reasonable evidence. *Corporation Commission of Arizona v. People's Freight Line, Inc.*, 41 Ariz. 158, 16 P.2d 420 (1932). The superior court's judgment regarding the Commission's rate of return was supported by such reasonable evidence.

The Company argues that the rate schedule adopted by the Commission is insufficient to provide the 6.72% rate of return allowed by the Commission. In support of its position, the Company believes that two of the findings of fact are inconsistent and indicate that the trial judge was uncertain as to whether the Commission's rate schedule would produce the established rate of return.[1] The Commission argues that

1. Findings 8 and 16 state:
"8. The Commission did make a study prior to the approval of the rates in Decision No. 43727 to determine the rates, but

did not give plaintiff an opportunity to present evidence at that hearing and the Commission should determine in its decision on a subsequent hearing to

finding 8 is mere surplusage and that finding 16 supports the Commission's rate schedule.

■ This Court will reconcile apparently inconsistent findings of fact to support the trial court's judgment. *Harrison v. Roark,* 31 Ariz. 73, 250 P. 367 (1926). The trial judge was merely giving assistance to the Commission for any further proceedings when he stated in finding 16 that the twelve-month customer billing cycle was a reasonable method for computing a rate increase and which should, but may not necessarily, yield the adopted rate of return. Finding 8 stated that the Commission's procedure for approving a rate schedule had been inadequate and that a new hearing was necessary to remedy this inadequacy.

■ The Company challenges the superior court's authority to remand the case to the Commission for further proceedings to approve a rate schedule. We believe that such a challenge is well founded. Nowhere in A.R.S. § 40–254 is the trial court given the power in its de novo review to *remand* the proceeding back to the Commission for further hearings and determinations. That court must either affirm, modify or set aside the Commission's order. *Arizona Corporation Commission v. Fred Harvey Transportation Company,* 95 Ariz. 185, 388 P.2d 236 (1964). We find no authority allowing the lower court to affirm only a portion of the Commission's decision and remand another portion for additional hearings and future determination.

■ We feel compelled to distinguish the present remand from an actual modification which would be permitted under A.R.S. § 40–254(C).[2] A modification implies a change without the necessity of further proceedings. *Dolph v. Cortez,* 8 Ariz.App. 429, 446 P.2d 939 (1968). A remand sends the pending matter back to the body from which it came where further action will be limited by the terms of the mandate. *Harbel Oil Co. v. Superior Court of Maricopa County,* 86 Ariz. 303, 345 P.2d 427 (1959); 76 C.J.S. *Remand* p. 902. In this case the action taken by the trial judge cannot be considered a modification.

■ The Commission does not believe that the Company should be permitted to set its own interim rate schedule pending further Commission action. We agree with the Commission. Although we recognize authority for allowing such interim rates, we are not willing to do so in this case. *Arizona Corporation Commission v. Mountain States Tel. & Tel. Co.,* 71 Ariz. 404, 228 P.2d 749 (1951). We note that the Company has requested new rate increases based upon a new rate year at Commission hearings held subsequent to the proceedings now in question and therefore there is no compelling necessity for setting interim rates.

The judgment of the Court of Appeals is vacated and the cause remanded to the trial court with directions to set aside the order of the Arizona Corporation Commission.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

---

approve the rates the loss of water and the resultant loss of revenue from the hydrants being used during the period of construction for fire purposes and the Sun City Del Webb Corporation additional use of water from said hydrants."

"16. The customer rates actually imposed by the defendant using a historical twelve month customer billing experience is a reasonable method of computing a rate increase and that those rates set by the defendant *should* allow the plaintiff a right to earn 6.72% on a fair value base of $6,653,000." (Emphasis supplied.)

2. A.R.S. § 40–254(C) provides: "The trial shall conform, as nearly as possible and except as otherwise prescribed by this section, to other trials in civil actions. *Judgment shall be given affirming, modifying or setting aside the original or amended order.*" (Emphasis supplied.)