NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SUNBURST FARMS EAST, INC.,
*Petitioner,*

*v.*

THE HONORABLE J. RICHARD GAMA, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA,
*Respondent Judge,*

ROBERT J. HALT AND LYNN D. HALT,
*Real Parties in Interest.*

No. 1 CA-SA 16-0092
FILED 5-31-2016

Petition for Special Action from the Superior Court in Maricopa County
No. CV 0000-488397
CV 2008-000489
CV 2008-007832

The Honorable J. Richard Gama, Judge

**JURISIDICTION ACCEPTED, RELIEF GRANTED**

COUNSEL

James L. Sullivan PC, Scottsdale
By James L. Sullivan
*Co-Counsel for Petitioner*

Stoops Denious Wilson & Murray PLC, Phoenix
By Stephanie M. Wilson
*Co-Counsel for Petitioner*

McKeddie Cooley PLLC, Scottsdale
By Melanie C. McKeddie, Justin R. Cooley
*Counsel for Real Parties in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Andrew W. Gould joined.

---

**O R O Z C O**, Judge:

**¶1** Sunburst Farms East, Inc. (Sunburst) seeks special action relief from the trial court's March 15, 2016 Judgment on Mandate, which vacated the July 14, 2015 Judgment "in its entirety." For the following reasons, we accept jurisdiction and grant relief.

### FACTS AND PROCEDURAL HISTORY

**¶2** The relevant procedural background in this special action begins with our decision in *Halt v. Sunburst Farms East, Inc.*, No. 1 CA-CV 12-0376, 2014 WL 173639 (Ariz. App. Jan. 16, 2014) (the 2014 Decision). In the 2014 Decision, we stated:

> [h]aving determined that the 1985 Agreement was invalid and the 1985 Judgment unenforceable, we conclude that the Halts are not entitled to enforce the 1985 Judgment against Sunburst. For these reasons, we reverse the court's denial of Sunburst's Rule 60 motion and vacate the entry of judgment for the Halts against Sunburst in the amount of $100,000 and the court's award of sanctions in the amount of $4,736 in attorney[] fees. We also vacate the court's award of attorney[]

2

fees in the amount of $103,544.50 and costs in the amount of $1,985.90. Further, we remand this case to the trial court to vacate the 1985 Judgment.

*Id.* at *9, ¶ 41.

¶3 On remand from the 2014 Decision, the trial court entered a Judgment on July 14, 2015 vacating the 1985 Judgment, ordering the 1985 settlement agreement invalid and unenforceable, vacating the September 9, 2011 Judgment and the March 27, 2012 Judgment, and granting Sunburst and the Interveners attorney fees and costs. The Halts then filed a special action challenging the award of Sunburst's pre-appeal attorney fees. *Halt v. Gama ex rel. Cty. of Maricopa*, 238 Ariz. 352, 353, ¶ 1 (App. 2015) (the 2015 Special Action). We granted relief and "vacate[d] the trial court's order awarding pre-appeal attorney[] fees to Sunburst." *Id.* at 357, ¶ 19.

¶4 The issue in this special action arose when the trial court misinterpreted our mandate from the 2015 Special Action. Specifically, the trial court stated in its March 15, 2016 Judgment on Mandate that it had "been instructed by the Mandate to vacate the July 14, 2015 Judgment on remand in its entirety[.]" Accordingly, the trial court vacated the 1985 Judgment, vacated the July 14, 2015 Judgment "in its entirety[,]" and awarded taxable costs to the Halts in the amount of $292. This special action followed.

## SPECIAL ACTION JURISDICTION

¶5 Special action jurisdiction is appropriate when a party has no "equally plain, speedy and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). "The appropriate method for seeking review of a trial court's judgment on remand entered pursuant to [our] specific directions is through special action because the trial court's entry of judgment based on [our] specific mandate and opinion is not appealable." *Halt*, 238 Ariz. at 353, ¶ 2 (citations omitted). Therefore, we accept jurisdiction.

## DISCUSSION

¶6 Sunburst argues that the March 15, 2016 Judgment on Mandate violated the mandate of the 2015 Special Action. We agree. Arizona cases make clear that on remand, the lower court "has no choice but to enter a judgment which complies exactly with that which the higher court has ordered." *Jordan v. Jordan*, 132 Ariz. 38, 40 (1982); *accord Sun City Water Co. v. Ariz. Corp. Comm'n*, 113 Ariz. 464, 466 (1976) (remand limits further action to "the terms of the mandate"); *Tovrea v. Superior Court*, 101

Ariz. 295, 297 (1966) (on remand, trial court is "absolutely bound" by appellate court's mandate).

**¶7**    By vacating the July 14, 2015 Judgment "in its entirety[,]" the March 15, 2016 Judgment on Mandate exceeded the scope of our decision in the 2015 Special Action. To be specific, the March 15, 2016 Judgment on Mandate should only have vacated the award of pre-appeal attorney fees to Sunburst. *See Halt*, 238 Ariz. at 357, ¶ 19. However, the remaining orders in the July 14, 2015 Judgment are not affected by our decision in the 2015 Special Action, and should not have been vacated by the trial court. As a result, the March 15, 2016 Judgment on Mandate did not comply with the 2015 Special Action, and was therefore improper. *See Jordan*, 132 Ariz. at 40.

**¶8**    Both parties request attorney fees incurred in this special action pursuant to Arizona Revised Statutes (A.R.S.) section 12-341.01 (West 2016). In our discretion, we deny both requests. *See id.* Additionally, in light of our decision to grant relief, we deny the Halts' request for taxable costs. *See* A.R.S. § 12-341 (West 2016). However, Sunburst is entitled to its costs upon compliance with ARCAP 21.

## CONCLUSION

**¶9**    For the foregoing reasons, we accept jurisdiction and grant relief. This matter is remanded for the trial court to enter judgment in accordance with this decision.



Ruth A. Willingham · **Clerk of the Court**
F I L E D : AA