653 P.2d 44

**LANG–LECHNER CONSTRUCTION, INC., an Arizona corporation, Plaintiff/Appellee,**

v.

**MARSHALL FOUNDATION, Defendant/Appellant.**

No. 2 CA–CIV 4421.

Court of Appeals of Arizona, Division 2.

Sept. 28, 1982.

William F. McDonald, Jr., Tucson, for plaintiff/appellee.

Slutes, Browning, Sakrison & Grant, P.C. by William D. Browning, Tucson, for defendant/appellant.

OPINION

HOWARD, Chief Judge.

The issue in this case is the propriety of the trial court awarding additional fees after the issuance of our mandate.

Summary judgment was granted in appellee's favor on October 1980. The judgment, inter alia, awarded appellee attorney's fees in the sum of $2,030. On December 8, 1980, appellee made a request for additional attorney's fees in the trial court for the attorney's expenses incurred in post-judgment motions. The motion was set for hearing on January 2, 1981. However, on December 29, 1980, appellant filed a notice of appeal thus depriving the trial court of jurisdiction to consider the request.

In Cause No. 2 CA–CIV 3965, we issued a memorandum decision affirming the summary judgment of the trial court and issued our mandate which commanded the superior court to comply with the memorandum

decision. We awarded appellee $1,500 attorney's fees on appeal but made no ruling on the $420 incurred in the trial court since we were not requested to do so. After the record was sent back to the trial court, it entered a judgment for additional attorney's fees in the sum of $420, a sum which it had previously found to have been just and reasonable. Appellant contends that the trial court lacked jurisdiction to make this award since it would be deviating from the terms of our mandate, conduct which is prohibited by the Arizona cases. See *Standard Accident Insurance Company v. Allen,* 38 Ariz. 173, 298 P. 406 (1931); *State of Arizona v. Griffith,* 54 Ariz. 436, 96 P.2d 752 (1939). We do not agree.

Rule 21(c), Arizona Rules of Civil Appellate Procedure, states:

"When attorney's fees are recoverable by statute or contract, the claim for such fees in connection with the prosecution or defense of an appeal may be included in the statement of costs prescribed by Rule 21(a). The claim for attorney's fees for the prosecution or defense of the case in the superior court *may* also be included, provided that the superior court has not previously awarded such fees." (Emphasis added)

The foregoing rule does not require the prevailing party to include attorney's fees incurred in the superior court in the statement of costs upon the penalty of forfeiting them if it does not do so. Furthermore, the trial court is not varying, altering or failing to follow our mandate by the entry of an order on the additional fees. It has not amended the judgment which we affirmed but made an additional order and entered an additional judgment for these attorney's fees.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.