60 P.3d 708

**ROBERT E. MANN CONSTRUCTION COMPANY, Third Party Plaintiff–Appellant, Cross Appellee,**

v.

**LIEBERT CORPORATION, an Ohio corporation and Integrated Support Systems, Inc., an Arizona corporation, Third Party Defendants–Appellees, Cross Appellants.**

No. 1 CA–CV 01–0212.

Court of Appeals of Arizona, Division 1, Department E.

Jan. 9, 2003.

Doyle Winthrop, P.C. by William H. Doyle, Judith A. Berman, and Leslie J. Cuevas, Phoenix, for Third Party Plaintiff–Appellant/Cross Appellee.

Hennelly & Grossfeld by John J. Hennelly and Susan J. Williams, Pacific Palisades, CA, and Stephen M. Lee, Kingman, for Third Party Defendants–Appellees/Cross Appellants.

## OPINION

THOMPSON, Judge.

¶ 1 This appeal arises from the trial court's award of more than $225,000 in attorneys' fees and costs to Liebert Corporation (Liebert) and Integrated Support Systems, Inc. (ISS) after this court reversed a jury verdict in favor of Mann Construction Co. (Mann) and ordered the trial court to enter judgment in favor of Liebert and ISS. We hold that the trial court erred as a matter of law by awarding Liebert/ISS their attorneys' fees and costs.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Kingman Regional Medical Center hired Mann as a general contractor to build a new MRI suite. Mann hired a subcontractor, Interstate Mechanical Corp. (IMCOR), to install a heating and air conditioning system in the suite. IMCOR installed a Mini–Mate air conditioning unit which was manufactured by Liebert and distributed by ISS. Kingman Regional's MRI computer was damaged when the air conditioner unit leaked on it.

¶ 3 Kingman Regional sued Mann. IMCOR settled the hospital's claims against Mann. Mann brought a third-party action as IMCOR's assignee against Liebert and ISS to recover the amounts paid by IMCOR. In their answer, Liebert/ISS only generally asked for attorneys' fees in the prayer section.[1] A jury awarded Mann $182,478. Liebert/ISS appealed. Another panel of this court reversed the trial court and remanded for entry of judgment, finding that the trial court erred in failing to direct a verdict in favor of Liebert/ISS, because Mann failed to put on sufficient evidence of its damages. In particular, the court of appeals found that Mann had failed to put on sufficient evidence that the MRI computer was beyond repair. Liebert/ISS failed to make a request for attorneys' fees in their briefs on appeal or file a motion for attorneys' fees prior to oral argument or the submission of the appeal pursuant to Arizona Rule of Civil Appellate Procedure 21(c) (Rule 21(c)), and the court of appeals made no award of attorneys' fees.

¶ 4 Subsequently, after the Arizona Supreme Court denied review and a mandate was issued, Liebert/ISS filed an application for attorneys' fees and costs in the trial court seeking fees and costs incurred both at trial and on appeal. The grounds cited by Liebert/ISS for the attorneys' fees were (1) the contractual language of the October 27, 1993 purchase order and (2) Arizona Revised Statutes (A.R.S.) section 12–341.01(1992). The trial court awarded Liebert/ISS their attorneys' fees incurred on appeal and in the trial court in the amount of $225,000, costs as awarded by the court of appeals in the amount of $3,912.33, and costs in the trial court of $6,730.76. The judgment and minute entries do not indicate the basis for the award. Mann appealed and Liebert/ISS cross-appealed.

## ISSUES

1) Can the trial court award appellate attorneys' fees after the mandate issues if a party failed to request appellate attorneys'

---

1. Defendants requested "[t]hat answering defendant recover judgment against third party plaintiff for answering defendant's costs of suit herein, including reasonable attorneys' fees as provided by law."

fees from the court of appeals pursuant to Rule 21(c)?

2) Can the trial court award attorneys' fees and costs incurred in the trial court after the mandate issues if a party failed to request trial attorneys' fees and costs from the court of appeals pursuant to Rule 21(c)?

3) Did the trial court err in determining that Liebert/ISS were the prevailing parties on a claim arising out of contract?

## DISCUSSION

### *Appellate Attorneys' Fees Awarded by Trial Court After Mandate*

¶ 5 A party cannot fail to request fees for an appeal or special action from the appellate court and then ask the trial court to award fees incurred in the appellate court. *Larkin v. State ex rel. Rottas,* 175 Ariz. 417, 430, 857 P.2d 1271, 1284 (App.1992). 1 Arizona Appellate Handbook § 3.14.2.1, at 3–125 (Sheldon H. Weisberg & Paul G. Ulrich eds., 4th ed.2000) states that "[a]ttorneys' fees on appeal cannot be recovered if they are not requested as required by ARCAP 21(c)." Rule 21(c) provides, in relevant part:

> When attorneys' fees are claimed pursuant to statute, decisional law or contract, a request for allowance of attorneys' fees in connection with the prosecution or defense of the appeal or the prosecution or defense of the case in the superior court **shall be made in the briefs on appeal,** or by written motion filed and served prior to oral argument or submission of the appeal.

(Emphasis added.) Rule 21(c) formerly provided:

> When attorneys' fees are recoverable by statute or contract, the claim for such fees in connection with the prosecution or defense of an appeal **may be included in the statement of costs prescribed by Rule 21(a).** The claim for attorneys' fees for the prosecution or defense of the case in the superior court **may** also be included, provided that the superior court has not previously awarded such fees.

(Emphasis added). *See Lang–Lechner Constr. Co. v. Marshall Found.,* 133 Ariz. 587, 588, 653 P.2d 44, 45 (App.1982). A party must comply with Rule 21 in order to obtain attorneys' fees on appeal from the court of appeals. *See Transamerica Fin. Corp. v. Superior Court,* 158 Ariz. 115, 118, 761 P.2d 1019, 1022 (1988).

¶ 6 Liebert/ISS failed to request attorneys' fees in their briefs on appeal or file a motion for attorneys' fees prior to oral argument or the submission of the appeal. Having failed to comply with Rule 21, Liebert/ISS may not circumvent the requirements of the rule by later applying to the superior court for appellate attorneys' fees. The trial court erred as a matter of law by awarding Liebert/ISS their attorneys' fees incurred on appeal.

### *Attorneys' Fees Incurred in the Trial Court Awarded by Trial Court After Mandate*

¶ 7 The Arizona Appellate Handbook states:

> [I]f a party is successful in the trial and appellate proceedings, but failed to request fees at the trial level, the appellate court cannot award that party fees for work in the trial court. However, such fees may be requested from the trial court after the mandate issues. *See Lang–Lechner Constr., Inc. v. Marshall Found.,* 133 Ariz. 587, 588, 653 P.2d 44, 45 (App.1982).

1 Arizona Appellate Handbook § 11.2.3, at 11–15 (Sheldon H. Weisberg & Paul G. Ulrich eds., 4th ed.2000) (citations omitted). The Handbook also states that the trial court may make an award for postjudgment work after the mandate issues. *Id.* Mann argues that, pursuant to Rule 21(c), claims for attorneys' fees incurred in the superior court must be brought in the court of appeals. It argues that *Lang–Lechner* should not apply because it interprets the older version of Rule 21(c), which permitted but did not mandate inclusion of the claim for fees in the request for relief on appeal. Mann cites *Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 391, 710 P.2d 1025, 1046 (1985) for the proposition that "notice of intent to seek fees should be given before 'each stage' of a lawsuit, furthering the public policy of encouraging settlement."

¶ 8 Liebert/ISS argue that Rule 21 is a rule of appellate procedure that pertains to seeking an award of attorneys' fees from the court of appeals and that the rule does not preclude a party from seeking attorneys' fees after remand. They cite *Allen R. Krauss Co. v. Fox*, 137 Ariz. 203, 669 P.2d 980 (App. 1983). In *Krauss*, another division of this court reversed and remanded with directions that judgment be entered on Fox's motion for summary judgment. *Id.* After the filing of the mandate, the trial court awarded attorneys' fees and costs to Fox with regard to the prior trial court proceedings. *Id.* Krauss appealed from the award of attorneys' fees, and the court of appeals affirmed, holding that "upon the reversal of a judgment when a mandate issues directing the entry of judgment in favor of the other party, attorney fees, if otherwise allowable by contract or statute, and costs, may be awarded in addition to or as part of the new judgment." *Id.* The *Krauss* court cites *Lang–Lechner*, but notably does not discuss Rule 21(c). *Krauss* was decided before the rule change, which was effective September 1, 1983.

¶ 9 Liebert/ISS also cite *Stika v. Albion*, 150 Ariz. 521, 724 P.2d 607 (App.1986), a case decided **after** the 1983 amendment to Rule 21(c). In *Stika*, we reversed a superior court judgment with directions to enter judgment in favor of the appellants. *Id.* at 523, 724 P.2d at 609. At the end of the decision, we stated:

> Appellants are also entitled to consideration for an award of attorney's fees [sic] by the trial court pursuant to A.R.S. § 12–341.01, since such fees were requested in their answer to Stika's complaint. However, since appellants have not requested an award of attorneys' fees on appeal as required by ARCAP 21(c)(1), we are unable to authorize application for such an award as part of our decision.

*Id.* at 524, 724 P.2d at 610. *Stika* did not set forth the content of the revised rule, and seems to have proceeded on the basis of the previous cases taking no notice of the 1983 rule change.

¶ 10 We hold that Liebert/ISS's failure to request their attorneys' fees pursuant to Rule 21(c) on appeal precludes them from seeking their trial fees after remand. It is fair to require parties to request fees earlier in the litigation process so that both sides may accurately assess the risks and benefits of litigating versus settling. In this way, the opportunity for out of court settlement may be enhanced. *See Wagenseller*, 147 Ariz. at 391, 710 P.2d at 1046. *Stika* is disapproved on this point, as is the cited portion of the Arizona Appellate Handbook.

### Contract Basis for the Attorneys' Fees

¶ 11 Mann argues that the trial court erred in determining that Liebert/ISS were entitled to attorneys' fees under either the purchase order contract between ISS and IMCOR or A.R.S. § 12–341.01. The trial court did not indicate the basis for the award.

¶ 12 Liebert/ISS only generally asked for attorneys' fees in the prayer section of their answer and did not specifically mention either the purchase order contract or A.R.S. § 12–341.01 until their application for attorneys' fees after remand. As to attorneys' fees under the purchase order contract, we hold that Liebert/ISS waived this basis for an award of attorneys' fees by only generally referring to attorneys' fees in their answer. *See Genis v. Krasne*, 47 Cal.2d 241, 302 P.2d 289, 292 (1956) (attorneys' fees recoverable only by virtue of contract are damages which cannot be awarded without pleading and proof that there is a contract provision for them). If Liebert/ISS wanted attorneys' fees pursuant to the October 27, 1993 purchase order contract they should have specifically raised the basis in their answer. Fees pursuant to A.R.S. § 12–341.01 are another matter.

¶ 13 Section 12–341.01(A)(Supp.2001) provides, in part, "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." The trial court has broad discretion to award attorneys' fees under A.R.S. § 12–341.01, and we review the award under an abuse of discretion standard. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570–71, 694 P.2d 1181, 1184–85 (1985).

¶ 14 Mann argues that a contractual relationship between IMCOR and Liebert/ISS or

Mann and Liebert/ISS was not necessary to bring the strict liability/indemnity cause of action. Liebert/ISS argue that:

> by its own assignment, pleadings and stipulation, [Mann] made this an action 'arising from' the October 27, 1993 contract.... By its third party complaint, Mann expressly alleged that the claims for which it sought recovery as IMCOR's assignee were those 'arising from the contract for the purchase of the product.'

However, Mann asserts that the breach of contract cause of action was never litigated.

¶ 15 Section 12–341.01(A) allows an award of attorneys' fees to be made "[i]n any contested action arising out of a contract, express or implied." "Where ... the duty breached is not imposed by law, but is a duty created by the contractual relationship, and would not exist 'but for' the contract, then breach of either express covenants or those necessarily implied from them sounds in contract." *Barmat v. John and Jane Doe Partners A–D, et al.*, 155 Ariz. 519, 523, 747 P.2d 1218, 1222 (1987) (citations omitted). In *A.H. v. Arizona Property & Casualty Insurance Guaranty Fund*, 190 Ariz. 526, 529, 950 P.2d 1147, 1150 (1997), our supreme court discussed the meaning of "arising out of contract." The court stated:

> When both contract and tort issues are presented, the mere existence of a contract somewhere in the transaction is not sufficient to support a fee award. The inquiry is whether the tort action could not have existed but for the breach of, or fraudulent inducement of, the contract. Similarly, when the cause of action arises from statutory rather than contractual obligations, the "peripheral involvement of a contract does not require the application of § 12–341.01(A)...."

*Id.* (quoting *O'Keefe v. Grenke*, 170 Ariz. 460, 472–73, 825 P.2d 985, 997–98 (App.1992)). In *Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 543, 647 P.2d 1127, 1141 (1982), the Arizona Supreme Court stated that while the fact that tort and contract theories are intertwined does not preclude a recovery of fees under A.R.S. § 12–341.01, it must be the case that the tort cause of action could not exist **but for** the breach of contract.

¶ 16 Here, Liebert/ISS were not entitled to attorneys' fees under A.R.S. § 12–341.01. A common products liability lawsuit does not arise out of contract. *See Caruth v. Mariani*, 11 Ariz.App. 188, 190, 463 P.2d 83, 85 (1970) (strict tort liability extends to non-users and non-purchasers injured as result of foreseeable use of defective product). Indeed, the contract was not even between Mann and Liebert/ISS, but between ISS and IMCOR. "The legislature clearly did not intend that every tort case would be eligible for an award of fees whenever the parties had some sort of contractual relationship ...." *Barmat*, 155 Ariz. at 524, 747 P.2d at 1223. The trial court erred in awarding fees under A.R.S. § 12–341.01.

## CONCLUSION

¶ 17 For the foregoing reasons, the judgment of the trial court is reversed.[2]

CONCURRING: JEFFERSON L. LANKFORD and DANIEL A. BARKER, Judges.

---

2. Because of this disposition it is unnecessary for us to consider the cross-appeal issue.