154 P.3d 1041

**Cynthia Jean PARKER,**
**Plaintiff/Appellant,**

v.

**Richard G. McNEILL, Jr.,**
**Defendant/Appellee.**

No. 1 CA–CV 06–0139.

Court of Appeals of Arizona,
Division 1, Department B.

March 8, 2007.

Dale Beck Furnish, Chandler, Attorney for
Plaintiff/Appellant.

**496**

Bruce S. Urdang, Flagstaff, Attorney for Defendant/Appellee.

## OPINION

NORRIS, Presiding Judge.

¶ 1 This appeal arises out of a remand for further proceedings following a prior appeal ("first appeal") taken by Plaintiff/Appellant, Cynthia Jean Parker. After the remand, the superior court entered a money judgment in Parker's favor and awarded her attorneys' fees for work performed after the mandate, but denied her request for fees, court costs and expenses incurred before and in the first appeal.

¶ 2 The principle issue in this appeal is whether Parker can recover the fees, court costs, and expenses she incurred before and in the first appeal, even though she failed to comply with Arizona Rule of Civil Appellate Procedure 21, which governs the recoverability of fees and costs from an appellate court. We hold Parker's failure to comply with Rule 21 prevented her from recovering the fees, but not the costs and expenses, she incurred before and in the first appeal. We thus affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 3 Parker and McNeill were married in June 1971. They had two children. Their marriage was dissolved in January 1991.

¶ 4 In September 1997, Parker and McNeill entered into a stipulation designed to resolve a number of differences then pending between them. The stipulation obligated McNeill to pay a percentage of the uninsured health-care expenses of the parties' children until the children reached majority. The stipulation also contained a cognovit clause [1] that authorized Parker to obtain a judgment against McNeill for any health care expenses

not timely reimbursed by him. The cognovit clause stated:

> In the event of default, [Parker] or her heirs and/or assigns shall receive legal interest from the date of payment by [Parker] or her heirs and/or assigns, plus all reasonable attorney fees, costs and expenses incurred in the entry, defense and execution of any such cognovit judgment.

¶ 5 The parties' youngest daughter graduated from high school in May 2000. In December 2003, Parker filed an application for an order to show cause, and, as amended, alleged McNeill had failed to reimburse her for various health-care expenses incurred between 1989 and 2002. The superior court found McNeill had a statutory obligation to pay the pre-majority expenses but that Parker's claim for those expenses was time-barred. *See* Arizona Revised Statutes (A.R.S.) section 25–503(I).[2] Accordingly, the superior court dismissed Parker's claim for pre-majority health-care expenses. Parker appealed.

¶ 6 In a memorandum decision, we agreed with the superior court's ruling that Parker's pre-majority health-care expense claim was subject to the limitation period established in A.R.S. § 25–503(I). Nevertheless, we remanded for further proceedings because Parker had submitted evidence to the superior court that McNeill had acknowledged his indebtedness for these expenses in a signed writing, which served to remove the time bar. *See generally Freeman v. Wilson,* 107 Ariz. 271, 275–76, 485 P.2d 1161, 1165–66 (1971); *see also* A.R.S. § 12–508 (2003).

¶ 7 In due course, we issued the mandate and the case returned to the superior court for further proceedings consistent with our memorandum decision. Subsequently, the parties stipulated to the entry of a money judgment in Parker's favor. Principally relying on the cognovit clause,[3] Parker then petitioned the superior court for an award of attorneys' fees, costs, and expenses incurred

1. A cognovit clause is "[a] contractual provision by which a debtor agrees to jurisdiction in certain courts, waives notice requirements, and authorizes the entry of an adverse judgment in the event of a default on breach." Black's Law Dictionary 254 (7th ed.1999).

2. The court also found McNeill had a contractual obligation to pay post-majority expenses, and that Parker's claim for these expenses was not time-barred.

3. At about the same time Parker and McNeill entered into the 1997 stipulation containing the cognovit clause, they also agreed to settle various

in the superior court before the first appeal ("pre-appeal work"), on appeal ("appeal work"), and after the appeal for work in the trial court on remand ("post-mandate work").

¶8 The superior court, citing this court's decision in *Robert E. Mann Constr. Co. v. Liebert Corp.*, 204 Ariz. 129, 60 P.3d 708 (App.2003), refused to award Parker fees and costs incurred for the pre-appeal and appeal work because she had failed to request "these fees and costs in the Court of Appeals under the appellate rules." The court granted, however, Parker's request for an award of fees incurred for post-mandate work, and directed Parker to prepare a form of judgment for those fees with the exception of fees "associated with the petition for attorneys['] fees." The court did not state whether Parker could recover costs incurred after the mandate or whether Parker could recover any expenses.

¶9 Instead of complying with the court's request, Parker filed a "request to formalize minute entry," and asked the court to place its minute entry into an appealable form. Subsequently, at the court's direction, McNeill submitted a proposed form of judgment. The court signed the form submitted by McNeill, and awarded Parker $2662 for attorneys' fees incurred for post-mandate work. The judgment did not address costs or expenses.

¶10 Parker timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. § 12–120.21(A)(1) (2003).

## DISCUSSION[4]

*I.  Attorneys' Fees for Pre–Appeal and Appeal Work*

¶11 On appeal, Parker asserts the superior court should have granted her request for attorneys' fees incurred for the pre-appeal and appeal work. As an initial matter, she argues she requested fees for this work in her briefing in the first appeal by emphasizing she was pursuing her rights under the cognovit clause; accordingly, she argues, she complied with the procedural requirements governing requests for fees in the appellate courts as construed in *Mann*. We disagree.

¶12 The procedural requirements regarding fee requests in the appellate courts are contained in Rule 21. Rule 21 establishes a two-step process for asserting a fee claim. First, the fee claimant must request fees under Rule 21(c), and then, if the appellate court grants the fee request, the fee claimant must submit a statement of the amount claimed for such fees. The fee claimant may incorporate that statement in the statement of costs submitted pursuant to Rule 21(a).

¶13 Rule 21(c)(1) specifically addresses a party's request for fees on appeal *and* a party's request for fees for the prosecution or defense of the case in the superior court. It states:

> When attorneys' fees are claimed pursuant to statute, decisional law or contract, a request for allowance of attorneys' fees in connection with the prosecution or defense of the appeal or the prosecution or defense of the case in the superior court shall be made in the briefs on appeal, or by written motion filed and served prior to oral argument or submission of the appeal. If a petition or cross-petition for review is filed, a request for allowance of attorneys' fees shall be made in the petition or cross-petition for review or response thereto. If recovery of attorneys' fees is allowed by

lawsuits between them. As part of the settlement, McNeill executed a release and agreed that if he subsequently sought relief "through any suit" based on the claims he had released, he would pay Parker all attorneys' fees incurred by Parker in defending such claims. It is not clear to us whether Parker's health care expense claims were based on the claims McNeill released. Thus, we cannot determine whether the attorneys' fee provision in the release has any bearing in this appeal, although Parker relied on it in asking the superior court to award fees.

Even if the release is relevant to this appeal, the release would not change our determination that the superior court properly refused to award Parker fees for pre-appeal and appeal work.

4.  With one exception, *see infra* ¶23, the issues Parker raises on appeal pertain to the interpretation of Rule 21. The interpretation of a court rule presents a question of law we review de novo. *State ex rel. Thomas v. Gordon*, 213 Ariz. 499, 502 n. 2, 144 P.3d 513, 516 n. 2 (App.2006).

498

the court in its decision or order, a statement of the amount claimed for such fees may be included in the statement of costs prescribed by Rule 21(a).

¶ 14 We agree that Parker clearly asserted her rights under the cognovit clause in her briefing in the first appeal. But she did not request fees for prosecution of the first appeal or fees for prosecution of the case in the superior court by taking the steps identified in Rule 21(c)(1). Specifically, she failed to request fees on appeal or in the superior court in her briefs on appeal or by written motion filed and served before oral argument or submission of the appeal.[5]

¶ 15 We discussed the procedural requirements of Rule 21(c)(1) in *Mann*. Like this case, *Mann* arose out of a prior appeal. In the *Mann* prior appeal, this court reversed a judgment against the appellants and remanded for entry of a judgment in their favor. The appellants failed to request attorneys' fees in the prior appeal as required by Rule 21(c)(1). Accordingly, this court did not make any award of attorneys' fees in its decision in the prior appeal. After the case returned to the superior court and the mandate issued, the appellants sought and the superior court awarded appellants attorneys' fees for work in the trial court, before the first appeal, and on appeal.

¶ 16 Applying Rule 21(c)(1), we held the trial court could not award attorneys' fees incurred for work on appeal because appellants had failed to request fees for that work from this court as required by Rule 21(c)(1). We stated:

[Appellants] failed to request attorneys' fees in their briefs on appeal or file a motion for attorneys' fees prior to oral argument or the submission of the appeal. Having failed to comply with Rule 21, [appellants] may not circumvent the requirements of the rule by later applying to the superior court for appellate attorneys' fees.

204 Ariz. at 132, ¶ 6, 60 P.3d at 712.

¶ 17 We also held the superior court could not award appellants any fees for pre-appeal

work at the trial level because they had failed to request such fees from this court as required by Rule 21(c). In so holding, we distinguished cases applying the prior version of Rule 21(c) which permitted but did not require inclusion of a claim for fees for work in the trial court in the request for relief on appeal. Relying on our supreme court's decision in *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 391, 710 P.2d 1025, 1046 (1985), we also reasoned that it was

fair to require parties to request fees earlier in the litigation process so that both sides may accurately assess the risks and benefits of litigating versus settling. In this way, the opportunity for out of court settlement may be enhanced.

*Mann*, 204 Ariz. at 133, ¶ 10, 60 P.3d at 712.

¶ 18 Parker argues that *Mann's* construction of Rule 21(c)(1) is inapplicable here because she did not become entitled to fees until after we remanded this case to the superior court. According to Parker, in *Mann*, the appellants "won a clear victory on appeal," while here she did "not win anything on appeal. The Court of Appeals remanded to the superior court for further proceedings that gave her a chance to establish her claim, **if** she could meet the burden imposed on her by the Court of Appeals." (Emphasis in original.)

¶ 19 Although our remand order in the first appeal did not, as Parker notes, instruct the superior court to enter judgment in her favor as was the case in *Mann*, she obtained affirmative relief in her favor in the first appeal. We reversed the superior court's ruling finding her claim for pre-majority expenses time-barred and remanded for further proceedings. From a practical standpoint, the first appeal resulted in a "win" for Parker. The distinction Parker draws between this case and *Mann* is one without a

---

5. Although the record in this appeal does not contain copies of Parker's appellate briefs in the first appeal, they are contained in this court's file regarding the first appeal. "This court may take judicial notice of records and other appellate proceedings in the same case." *State ex rel.*

*Corbin v. Tocco*, 173 Ariz. 587, 590 n. 1, 845 P.2d 513, 516 n. 1 (App.1992)(citing *Holguin By and Through Holguin v. Aetna Cas. and Surety Ins. Co.*, 156 Ariz. 9, 11 n. 1, 749 P.2d 918, 920 n. 1 (App.1986)).

difference. Remanding a case for further proceedings does not exempt a party from Rule 21(c)(1).

¶ 20 We also believe Parker's argument is inconsistent with the wording of the cognovit clause. The clause entitles Parker to reasonable attorneys' fees, costs, and expenses "incurred in the entry, defense and execution of any such cognovit judgment." The word "entry" as used in the clause refers to the obtainment of a judgment. Because the fees incurred by Parker for the pre-appeal and appeal work were expended in connection with her efforts to obtain entry of the judgment, Parker was in a position to assert a claim for fees on appeal and for the trial work even though we ultimately remanded for further proceedings.

■ ¶ 21 Finally, Parker argues McNeill waived his right to contest fees because he agreed to the cognovit clause and failed to challenge her claim for attorneys' fees when he opposed her order to show cause application. We see no waiver. The issue in this appeal is whether Parker's failure to request fees for the pre-appeal and appeal work from this court in the first appeal barred her right to recover these fees after the mandate. McNeill's acceptance of the cognovit clause and failure to object before the first appeal to Parker's demands for fees did not constitute a waiver of his right to object to Parker's failure to comply with Rule 21(c)(1) in the first appeal.

¶ 22 In sum, the superior court properly denied Parker's request for fees incurred for the pre-appeal and appeal work. Parker failed to request such fees from this court as required by Rule 21(c)(1).

## II. Attorneys' Fees for Post–Mandate Work

■ ¶ 23 As discussed above, the superior court awarded Parker $2262 for attorneys' fees incurred for post-mandate work. Parker argues the superior court abused its discretion in not awarding her the full amount of the fees she had requested, asserting the amount "appears to have been plucked from thin air." We review a trial court's decision on discretionary attorneys' fees for an abuse of discretion. *Chase Bank of Arizona v. Acosta,* 179 Ariz. 563, 574, 880 P.2d 1109, 1120 (App.1994).

¶ 24 The superior court awarded Parker attorneys' fees for the post-mandate work, with the exception of fees "associated with the petition for attorneys['] fees." The amount of the fees awarded approximated the amount of fees reflected for the post-mandate work as itemized by Parker's counsel. The superior court was in the best position to assess the value of the legal work performed and the reasonableness of the fees. On the record before us, we see no abuse of discretion.[6]

## III. Costs

■ ¶ 25 The superior court refused to award Parker costs incurred in the first appeal and in the superior court before the mandate. The superior court rested its decision on *Mann.* Its reliance on *Mann* was, however, misplaced.

¶ 26 *Mann* addressed whether a superior court could award fees on appeal and in the superior court before the mandate if the fee claimant failed to request those fees from the appellate court as required by Rule 21(c)(1). *Mann* did not address costs.[7]

¶ 27 Rule 21(a) deals with costs on appeal. It states that a party entitled to costs *"may,* within ten days after the clerk has given notice that a decision has been rendered, file in the appellate court a verified itemized statement of costs or attorneys' fees on appeal." (Emphasis added.) On its face, Rule 21(a) does not obligate a party entitled to costs on appeal to request those costs from the appellate court. Such a request is permitted but not required. Because the language of Rule 21(a) is permissive, a party may recover costs on appeal by requesting those costs from the superior court after

---

6. McNeill objected to the reasonableness of Parker's request for post-mandate fees. He did not raise any argument regarding the applicability of Rule 21(c)(1) to Parker's request for such fees.

7. We note that in our statement of the issues in *Mann,* we mentioned the word costs. 204 Ariz. at 131, ¶ 1, 60 P.3d at 710. However, our opinion only addressed the recoverability of attorneys' fees, not costs.

remand. *Cf. Lang–Lechner Constr., Inc. v. Marshall Found.*, 133 Ariz. 587, 653 P.2d 44 (App.1982)(construing prior version of Rule 21(c) which allowed but did not require fee claimant to request fees for work performed in the superior court).

¶ 28 Thus, the superior court should not have rejected Parker's request for costs incurred on appeal and in the superior court before the mandate. We thus reverse that portion of the judgment denying such costs, and remand for further proceedings consistent with our resolution of this issue.

¶ 29 We note the superior court did not address Parker's request for costs incurred at trial after the mandate. On remand, Parker may reassert her request for these costs.

*IV. Litigation–Related Expenses*

¶ 30 The superior court did not address Parker's claim for expenses, which, as itemized in her fee petition, constituted various expenditures related to the litigation, but not recoverable as court costs.[8] Although Parker failed to request reimbursement of these litigation-related expenses from this court in the first appeal, Rule 21 does not address such expenses and does not preclude a trial court from awarding them if they are recoverable by contract or law. Therefore, on remand, Parker may renew her request for an award of litigation-related expenses.[9]

**CONCLUSION**

¶ 31 For the foregoing reasons, we affirm the superior court's decision denying Parker's request for fees incurred for pre-appeal and appeal work. We reverse its decision denying Parker's request for court costs incurred before the mandate and remand this matter for further proceedings consistent with this decision regarding Parker's request for an award of costs and litigation-related expenses.

CONCURRING: DANIEL A. BARKER and JON W. THOMPSON, Judges.

---

8. Such expenses are not awardable as court costs. *See Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 402, ¶ 6, 973 P.2d 106, 107 (1999)(unrecoverable litigation expenses include expenses incurred for photocopying, long-distance telephone calls, messenger and delivery charges, and telecopier or fax charges).

9. McNeill has requested an award of fees as sanctions under Arizona Rule of Civil Appellate Procedure 25. Given our resolution of the issues raised by Parker, sanctions are unwarranted.