360 P.3d 148

**Robert J. HALT and Lynn D. Halt, husband and wife, Petitioners,**

**v.**

**The Honorable J. Richard GAMA, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Judge,**

**Sunburst Farms East, Inc., et al., Real Party in Interest.**

**No. 1 CA–SA 15–0223.**

Court of Appeals of Arizona, Division 1.

Oct. 20, 2015.

Amended Oct. 27, 2015.

See also 2014 WL 173639.

McKeddie Cooley, P.L.L.C. By Melanie C. McKeddie, Justin R. Cooley, Scottsdale, Wong Carter, P.C. By Matthew A. Klopp, Phoenix, Co–Counsel for Petitioners.

Stoops, Denious, Wilson & Murray, P.L.C. By Stephanie Monroe Wilson, James L. Sullivan, P.C. By James L. Sullivan, Phoenix, Co–Counsel for Respondent–Real Party in Interest Sunburst Farms East Inc.

Lipson Neilson Cole Seltzer & Garin P.C. By Daxton R. Watson, Phoenix, Counsel for Real Party in Interest Lisi et al.

Jones Skelton & Hochuli P.L.C. By Brandi Christine Blair, Phoenix, Counsel for Real Party in Interest Haney et al.

Presiding Judge RANDALL M. HOWE delivered the opinion of the Court, in which Judge JON W. THOMPSON and Judge LAWRENCE F. WINTHROP joined.

## OPINION

HOWE, Judge:

¶ 1 Robert and Lynn Halt seek special action relief from the trial court's order awarding attorneys' fees entered on remand pursuant to this Court's memorandum decision and resulting mandate in *Halt v. Sunburst Farms East, Inc.,* 1 CA–CV 12–0376, 2014 WL 173639 (App.2014), in favor of Sunburst Farms East, Inc., Kenneth Braden, and David Haney (collectively, "Sunburst"). As relevant to our disposition of this special action, the Halts argue that Sunburst waived its claim for pre-appeal attorneys' fees because it failed to request those fees in its appeal briefing or before oral argument as existing case law and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21 in effect at the time of the briefing required.

¶ 2 Special action jurisdiction is appropriate here because the Halts have no "equally plain, speedy and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). The appropriate method for seeking review of a trial court's judgment on remand entered pursuant to this Court's specific directions is through special action because the trial court's entry of judgment based on this Court's specific mandate and opinion is not appealable. *Raimey v. Ditsworth,* 227 Ariz. 552, 554 ¶ 1, 261 P.3d 436, 438 (App.2011); *Scates v. Arizona Corp. Com'n,* 124 Ariz. 73, 75–76, 601 P.2d 1357, 1359–60 (App.1977). Consequently, we accept jurisdiction and for the following reasons grant relief to the Halts.

## FACTS AND PROCEDURAL HISTORY

¶ 3 Since the 1970's, the predecessors in interest of both Sunburst and the Halts were involved in a dispute over the Home Owners' Association's ("HOA") Declaration of Covenants, Conditions, and Restrictions ("CC & Rs"). In 1985, the predecessors in interest entered into a settlement agreement in which the trial court entered a $100,000 judgment against the HOA, but the homeowners agreed not to execute on the judgment if the HOA took no action to require the homeowners to join the HOA or pay any assessments. The agreement allowed any successor homeowner to enforce the judgment if any successor HOA violated the agreement.

¶ 4 When the successor HOA Sunburst attempted to impose mandatory assessment on the Halts pursuant to amended CC & Rs, the Halts sued to enforce the 1985 agreement and judgment. After much intervening litigation, the trial court ruled in favor of the

Halts, rejecting Sunburst's claim that the agreement was void and unenforceable. Sunburst subsequently moved to vacate the 1985 judgment under Arizona Rule of Civil Procedure 60(c), again urging that the 1985 agreement was unenforceable, but the court found the motion untimely. The court entered judgment for the Halts for $100,000, plus interest since 1985, and attorneys' fees and costs. Sunburst timely appealed.

¶ 5 Sunburst filed its opening brief in July 2012 and briefing concluded in January 2013. Sunburst argued that the agreement was unenforceable and that its Rule 60(c) motion was timely. It requested "an award of attorneys' fees incurred on appeal in accordance with the provisions of A.R.S. § 12–341.01(A)" upon compliance with Rule 21. Sunburst did not move for pre-appeal attorneys' fees before oral argument, which occurred in September 2013.

¶ 6 This Court concluded that the Rule 60(c) motion was timely and that the 1985 agreement and judgment were void and unenforceable. We denied Sunburst's request for fees, but awarded taxable costs on appeal upon compliance with Rule 21. We reversed the trial court's denial of the Rule 60(c) motion and vacated the entry of judgment, the award of sanctions, and the award of attorneys' fees and costs. We also remanded the case to the trial court to vacate the 1985 judgment. The resulting mandate directed the trial court to conduct such proceedings as required to comply with the memorandum decision.

¶ 7 On remand, Sunburst requested its attorneys' fees and costs at trial because it was now the prevailing party. The Halts objected, claiming that Rule 21 in effect at the time the litigation began required parties to ask for pre-appeal attorneys' fees in their appeal briefs. Sunburst responded that this language had been removed from the rule by the time of the appeal, thereby eliminating that requirement.

¶ 8 The trial court concluded that Rule 21 did not apply to determining fees incurred in proceedings before the trial court and awarded Sunburst fees and costs—in addition to vacating its original judgment and ordering that the 1985 judgment and agreement were unenforceable. The Halts petitioned for special action relief, arguing that the trial court's granting fees exceeded its authority under the mandate and that Sunburst waived its fees by not requesting them in the briefing on appeal. Sunburst responds that this Court does not have special action jurisdiction because the trial court's order awarding attorneys' fees is an appealable judgment. It also argues in the alternative that it did not waive its fees request because the version of Rule 21 in effect when the issue was decided "limit[ed] requests for attorneys' fees on appeal to *only those fees incurred on appeal.*"

## DISCUSSION

 ¶ 9 As relevant to our disposition of this special action, the Halts argue that Sunburst waived its claim for pre-appeal attorneys' fees because it failed to request those fees in its appeal briefing or before oral argument as existing case law and Rule 21(c) in effect at the time of the briefing required.[1] We review the interpretation of procedural rules de novo and evaluate the rules using principles of statutory construction. *State v. Campoy,* 220 Ariz. 539, 544 ¶ 11, 207 P.3d 792, 797 (App.2009). Our primary objective is to discern and give effect to the intent of our supreme court in promulgating the rule. *Bergeron ex rel. Perez v. O'Neil,* 205 Ariz. 640, 647 ¶ 16, 74 P.3d 952, 958 (App.2003). We focus on the language of the rule, and if the language is inconclusive or ambiguous, we then consider other methods of construction. *Vega v. Sullivan,* 199 Ariz. 504, 507 ¶ 8, 19 P.3d 645, 648 (App.2001).

---

1. The Halts also argue that awarding attorneys' fees was outside the trial court's jurisdiction on remand. We need not address this argument, however, given our disposition of this special action. But awarding fees on remand generally does not violate a mandate. *See Raimey,* 227 Ariz. at 561 ¶ 26, 261 P.3d at 445; *Allen R. Krauss Co. v. Fox,* 137 Ariz. 203, 203, 669 P.2d

980, 980 (App.1983) ("We hold that upon the reversal of a judgment when a mandate issues directing the entry of judgment in favor of the other party, [attorneys'] fees, if otherwise allowable by contract or statute, and costs, may be awarded in addition to or as part of the new judgment.").

¶ 10 Rule 21 contains the procedural requirements regarding an attorneys' fees request in the appellate courts. We have previously interpreted Rule 21 to establish a two-step process for asserting a fee claim. *Parker v. McNeill*, 214 Ariz. 495, 497 ¶ 12, 154 P.3d 1041, 1043 (App.2007). The fee claimant first must request fees under Rule 21, and then, if the appellate court grants the fee request, the fee claimant must submit a proper statement of the amount claimed for such fees. *Id.*

¶ 11 Under the version of Rule 21(c) effective December 1, 2001, to December 31, 2011, the language of the rule required that the fee claimant request pre-appeal fees and fees incurred on appeal in its appeal briefing:

> **(c) Claim for Attorneys' Fees.** (1) When attorneys' fees are claimed pursuant to statute, decisional law or contract, a request for allowance of attorneys' fees in connection with the prosecution or defense of the appeal or the prosecution or defense of the case in the superior court shall be made in the briefs on appeal, or by written motion filed and served prior to oral argument or submission of the appeal.

This Court has interpreted this language to mean that claims for attorneys' fees incurred pre-appeal and on appeal are untimely if not made in the appeal briefing or in a motion before oral argument. *See Robert E. Mann Const. Co. v. Liebert Corp.*, 204 Ariz. 129, 132 ¶ 5, 60 P.3d 708, 711 (App.2003); *Parker*, 214 Ariz. at 497–99 ¶¶ 12–22, 154 P.3d at 1043–45 (applying *Mann*). A fee claimant "may not circumvent the requirements of the rule by later applying to the [trial] court" for attorneys' fees. *Mann*, 204 Ariz. at 132 ¶ 6, 60 P.3d at 711. "It is fair to require parties to request fees earlier in the litigation process so that both sides may accurately assess the risks and benefits of litigating versus settling." *Id.* This way, the opportunity for out-of-court settlement may be enhanced. *Id.*

¶ 12 In 2012, a group of petitioners proposed changes to Rule 21 "to make it clear on the face of the rule that [fee claimants] must specifically cite—at the time of a fee request on appeal—the ... authority authorizing an award of fees." Arizona Rule Petition No. R–10–0033, at 1 (petition for Rule 21

changes; 2012 amendment). The petitioners argued that, inconsistent with existing case law, the then-current Rule 21 did "not alert a practitioner that the request for attorneys' fees must not only be timely asserted on appeal but must also include the authority for an award of fees." *Id.* The State Bar of Arizona agreed with the proposed rule change and recommended two "editorial changes to clarify the meaning of the revised rule." *Id.* (comment to Rule 21 changes; 2012 amendment). It proposed revising the rule's first sentence to remove any reference to the types of provisions that may authorize such a request "to avoid duplicating certain language" and moving petitioners' proposed additions to become the penultimate sentence "to make clear that the requirement to cite authority applies to all fee requests." *Id.*

¶ 13 Consequently, the amended Rule 21(c) effective from January 1, 2012, to December 31, 2013, with changes or additions indicated by underlining and deletions indicated by strikeouts, provides:

> **(c) Claim for Attorneys' Fees. (1)** A claim for allowance of attorneys' fees ~~When attorneys' fees are claimed pursuant to statute, decisional law or contract, a request for allowance of attorneys' fees in connection with the prosecution or defense of the appeal or the prosecution or defense of the case in superior court~~ shall be made in the briefs on appeal, or by written motion filed and served ~~prior to~~ *before* oral argument or submission of the appeal. If a petition or cross-petition for review is filed, a *claim* ~~request~~ for allowance of attorneys' fees shall be made in the petition or cross-petition for review or *the* response thereto. *All claims for attorneys' fees must specifically state the statute, rule, decisional law, contract, or other provision authorizing an award of attorneys' fees.* If recovery of attorneys' fees is allowed by the court in its decision or order, a statement of the amount claimed for such fees may be included in the statement of costs prescribed by Rule 21(a).

*Id.* (order regarding Rule 21 changes; 2012 amendment). The language of the 2012 amendment deleted the reference to fees incurred in connection with "the prosecution or

defense of the appeal or the prosecution or defense of the case in superior court." But the new language—"[a] claim for allowance of attorneys' fees" and "[a]ll claims for attorneys' fees"—does not differentiate between pre-appeal fees and fees incurred on appeal. Thus, the language of the 2012 amendment was consistent with the language of the previous rule and existing case law interpreting that rule.

¶ 14 Moreover, the underlying history of the rule change, *see supra* at ¶¶ 12–13, supports this conclusion. That history demonstrates that the changes were not intended to abrogate the requirement as established by the prior version of Rule 21 and existing case law. Thus, under the 2012 amendment as with the Rule 21 before that amendment, claims for attorneys' fees incurred pre-appeal and on appeal are untimely if not made in the appeal briefing or in a motion before oral argument, and a fee claimant may not circumvent the rule by waiting to request those fees on remand from the trial court.

■■■ ¶ 15 Our conclusion serves the purpose of fee-shifting statutes: to promote settlement of disagreements out of court. *See Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 391, 710 P.2d 1025, 1046 (1985), *superseded in part on other grounds by* A.R.S. § 23–1501. Unless each party is on notice before each stage of the lawsuit that its opponent intends to ask for attorneys' fees, it cannot properly evaluate whether and when to settle. *Id.; see also Balestrieri v. Balestrieri*, 232 Ariz. 25, 28 ¶ 11, 300 P.3d 560, 563 (App.2013) ("The purpose of promoting early settlement is not served by allowing fees to a defendant who moves to dismiss . . . in lieu of filing an answer, but who neglects to ask for fees at the time he files his motion to dismiss."); *King v. Titsworth*, 221 Ariz. 597, 600 ¶ 14, 212 P.3d 935, 938 (App.2009). To this end, Rule 21 requires notice of a fee request in appeal briefing and before oral argument. *See Wagenseller*, 147 Ariz. at 391, 710 P.2d at 1046.

■■■ ¶ 16 Here, under the 2012 amendment, Sunburst waived its claim for fees incurred pre-appeal by failing to timely request those fees in its appeal briefing or before oral argument. *See Parker*, 214 Ariz.

at 499 ¶ 22, 154 P.3d at 1045 (affirming denial of pre-appeal fees because the party failed to request such fees from the appellate court as the prior Rule 21 required); *Mann*, 204 Ariz. at 133 ¶ 10, 60 P.3d at 712 (concluding that a party's failure to request attorneys' fees pursuant to Rule 21 on appeal precludes it from seeking pre-appeal fees after remand); *see also* Ariz. R. Civ. App. P. 13(a)(6) (stating that the appellant's brief must contain an argument with citations to relevant authority); *State v. Moody*, 208 Ariz. 424, 452 ¶ 101 n. 9, 94 P.3d 1119, 1147 n. 9 (2004) (providing that opening briefs must present significant arguments supported by authority, otherwise the party abandons and waives the claim). The record shows that in both its opening and reply briefs, Sunburst's fees request was limited to attorneys' fees incurred on appeal pursuant to A.R.S. § 12–341.01. The record also shows that Sunburst did not move for pre-appeal attorneys' fees before oral argument. Thus, Sunburst did not comply with the procedural requirements Rule 21 mandated for claiming pre-appeal attorneys' fees. Consequently, Sunburst waived its pre-appeal fees and cannot "circumvent the requirements of the rule by later applying to the [trial] court for . . . attorneys' fees." *Mann*, 204 Ariz. at 132 ¶ 6, 60 P.3d at 711.

■■■ ¶ 17 Sunburst counters that the current version of Rule 21 should apply and that both the 2014 and 2015 amendments to the rule clearly limit the request for fees with the appellate court to those incurred only on appeal. Although the language of the 2014 and 2015 amendments could be read to support Sunburst's position, those amendments are not before us. Sunburst is correct that "[e]nactments that are procedural only, and do not alter or affect earlier established substantive rights may be applied retroactively" and procedural changes may be applied to proceedings already pending except where the rule effects or impairs vested rights. *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 547–58 ¶ 11, 105 P.3d 1163, 1166–67 (2005). Sunburst's reliance on the 2014 and 2015 amendments is misplaced, however. The 2014 amendment is inapplicable because that rule became effective January 1, 2014, after briefing and oral argument

was completed in September 2013. *See id.;* Arizona Rule Petition No. R–12–0039 (order regarding Rule 21 changes; 2014 amendment). The 2015 amendment is inapplicable because the subject appeal ended in February 2014 and the amended rule became effective January 1, 2015. *See City of Tucson,* 209 Ariz. at 547–48 ¶ 11, 105 P.3d at 1166–67; Arizona Rule Petition No. R–14–0017, at 1 (order regarding ARCAP, including Rule 21, changes; 2015 amendment). Consequently, under Rule 21's 2012 amendment, Sunburst waived its pre-appeal fees by failing to make its request in its appeal briefing or before oral argument, and the trial court erred in awarding it fees on remand.

¶ 18 The Halts request attorneys' fees and costs incurred before the trial court opposing Sunburst's fee request and judgment following the mandate and in this special action pursuant to A.R.S. §§ 12–341 and –341.01 upon compliance with Rule 21. In our discretion, we deny their request for fees, but grant their request for taxable costs.

## CONCLUSION

¶ 19 For the foregoing reasons, we accept jurisdiction, grant relief to the Halts, and vacate the trial court's order awarding pre-appeal attorneys' fees to Sunburst.