NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DERRICK T. SPEAKS, et al., *Plaintiffs/Judgment Creditors/Appellants-Cross Appellees*,

*v.*

LYFT, INC., *Garnishee/Appellee-Cross Appellant*.

No. 1 CA-CV 18-0779
FILED 12-12-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-002877
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*

**AFFIRMED IN PART/VACATED AND REMANDED IN PART**

COUNSEL

Lowis & Gellen LLP, Phoenix
By K. Scott Reynolds
*Counsel for Plaintiffs/Judgment Creditors/Appellants-Cross Appellees*

Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Phoenix
By L. Eric Dowell, Douglas Trey Lynn (argued)
*Counsel for Garnishee/Appellee-Cross Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

---

**M c M U R D I E**, Judge:

**¶1** Appellants/Judgment Creditors Derrick T. Speaks and Vanatage FBO Derrick T. Speaks IRA #53138 (collectively "Speaks") challenge the superior court's order setting aside a default judgment entered against Appellee/Garnishee Lyft, Inc. We affirm the order setting aside the judgment but vacate and remand the award of attorney's fees for reconsideration.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** Speaks sued and obtained a default judgment against Keith Marlow Bresee, Bresee Group, L.L.C., and Liberty Precious Metals, L.L.C. (collectively "Bresee") in 2017. Upon learning Keith Bresee worked for Lyft, Speaks applied for and obtained a writ of garnishment.

**¶3** Speaks served the writ on Lyft, but Lyft did not answer it. Speaks then obtained and served an order to show cause requiring Lyft to appear at a hearing to explain why a judgment should not be entered against it. Lyft did not appear, and the superior court entered a judgment against it for the full amount of Speaks' judgment against Bresee.

**¶4** About 40 days later, Lyft moved to set aside the default judgment under Arizona Rule of Civil Procedure ("Rule") 60(b). Lyft offered an affidavit from its paralegal responsible for managing wage garnishments in which she testified the writ was sent to the wrong employee for processing due to "confusion over [a] change in process." The paralegal also testified that while Lyft received the order to show cause on January 24, 2018, she did not review it until the day after the show-cause hearing. She attributed this delay to "the high number of garnishment requests Lyft receives and a temporary change in . . . Lyft's personnel and procedure for implementing garnishments," noting that Lyft received 4,275 garnishment requests in 2017.

**¶5** The superior court granted relief under both Rule 60(b)(1) and (b)(6), concluding that "more liberality should be shown in setting aside a

judgment against a defaulting garnishee than in setting aside a judgment against a defaulting defendant" and that "it would be inequitable, unfair, and unjust to allow the default judgment . . . to stand." The court also stated Lyft's failure to timely respond "should not be without consequences" and ordered Speaks to file a proposed form of judgment, statement of costs, and attorney fee application under Arizona Revised Statutes ("A.R.S.") section 12-1598.13(H). Speaks did so, seeking $5909 in attorney's fees and $65.40 in costs. The court entered a final order on November 13, 2018, awarding Speaks the fees and costs requested.

**¶6** Lyft moved for reconsideration, contending its response time had not yet run, and that Speaks improperly claimed fees incurred in responding to its motion to set aside, on which Lyft prevailed. The court requested a response from Speaks, but Speaks filed a notice of appeal, which stayed consideration of Lyft's motion. Lyft filed a notice of cross-appeal. We have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### A. The Superior Court Did Not Abuse Its Discretion by Setting Aside the Default Judgment.

**¶7** Speaks contends the superior court should not have set aside the default judgment. We review an order setting aside a judgment under Rule 60(b) for an abuse of discretion. *Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12 (App. 2014). Generally, we resolve doubts in favor of the party seeking to set aside a default judgment because the law favors resolution on the merits. *Richas v. Superior Court*, 133 Ariz. 512, 514 (1982).

#### 1. The Superior Court Correctly Applied a More Liberal Standard to Lyft's Motion to Set Aside.

**¶8** Speaks first contends the court erred by applying a more liberal standard to Lyft's motion to set aside. In *Webb v. Erickson*, 134 Ariz. 182 (1982), our supreme court held defaulted garnishees were entitled to a more liberal standard in setting aside a default judgment because they are "disinterested part[ies] in the [underlying] proceedings, so far as any prospect of being benefited is concerned, yet . . . interested third person[s] so far as the danger of being injured is concerned." *Id.* at 187 (quoting *Gutierrez v. Romero*, 24 Ariz. 382, 387 (1922)).

**¶9** Neither this court nor the superior court can modify or disregard *Webb. Johnson v. O'Connor ex rel. County of Maricopa*, 235 Ariz. 85, 92, ¶ 28 (App. 2014) (decisions by the supreme court are binding on lower

courts, and we are unable to overrule, modify, or disregard them). Speaks contends, however, that the Legislature abrogated *Webb* by amending the garnishment statutes in 1981 to grant garnishees a hearing before a default judgment can be entered and including the same rights in the garnishment-of-earnings statutes, which were first enacted in 1986. A.R.S. §§ 12-1583, 12-1598.13(H). He cites no legislative history or post-*Webb* authority indicating any such abrogation; indeed, post-1986 caselaw suggests the more liberal standard still applies. *See Miller v. Nat'l Franchise Servs., Inc.*, 167 Ariz. 403, 407–08 (1991) (stating in dicta that "*Webb* allows greater liberality in setting aside a judgment when the defendant is a garnishee").

**¶10**        Speaks also overlooks another reason for applying a more liberal standard—that Arizona law allows the court to enter judgment against a defaulting garnishee for the full amount of the underlying judgment, as it did in this case. A.R.S. §§ 12-1583, -1598.13(H); *Webb*, 134 Ariz. at 187. This often renders the garnishee liable for significantly more than whatever debt it may owe to the judgment creditor. *Webb*, 134 Ariz. at 187. Notably, it was for this reason that the *Webb* court found it "not difficult to see why the principles relating to the setting aside of default judgments are applied more liberally in the case of a garnishee." *Id.* The superior court did not err by applying a more liberal standard to Lyft's motion to set aside.

## 2. The Superior Court Did Not Abuse Its Discretion by Granting Rule 60(b)(6) Relief.

**¶11**        Speaks also contends Lyft was not entitled to relief under Rule 60(b)(1) or (6). We assume without deciding that the court erred by granting relief under Rule 60(b)(1), but find more than enough evidence supports the court's ruling regarding (b)(6). *See Gonzalez v. Nguyen*, 243 Ariz. 531, 535, ¶ 15 (2018) (error to grant relief on (b)(1) and (b)(6) for the same underlying reasons because the clauses are mutually exclusive and the grounds for relief are "separate and distinct").

**¶12**        Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason justifying relief." Courts have broad discretion to consider the totality of the circumstances and equities involved when vacating a judgment under the Rule's catch-all clause. *Rogone*, 236 Ariz. at 48, ¶ 12; *see also Webb*, 134 Ariz. at 187 (recognizing the "broad equitable power" of Rule 60(b)(6) in the context of setting aside garnishment judgment). Here, vacating the judgment against Lyft is equitable under Rule 60(b)(6). Keith Bresee was a part-time worker who only earned a total of $1553 with Lyft. If the garnishment had been

immediately entered by Lyft when originally served, it is highly unlikely that it would have procured any money for Speaks. Yet, the default judgment awarded over $20,000 and accruing costs of collection to Speaks. Because Speaks would have recovered significantly less money had Lyft responded to the writ in a timely fashion, it was equitable for the court to vacate the judgment.

**B.     The Superior Court Erred by Ruling on the Request for Fees Before Lyft's Time to Respond Expired.**

¶13       Lyft contends the court awarded attorney fees and costs before Lyft's time to object to Speaks' proposed form of judgment expired. We agree.

¶14       An opposing party has five days not counting weekends and legal holidays to object to a proposed form of judgment. Ariz. R. Civ. P. 6(a)(2), 58(a)(2)(A). Speaks filed his proposed form of judgment, statement of costs, and fee application documents on October 31, 2018, and Lyft received an additional five calendar days because Speaks served it by mail. Ariz. R. Civ. P. 5(c)(2)(C), 6(c). As such, the deadline for Lyft to file its objections, given the November 12, 2018 court holiday, was November 13, 2018. Ariz. R. Civ. P. 6(a)(3). The court entered its final order granting attorney's fees and costs on November 13, 2018. Lyft, therefore, did not receive the full allotment of time to object to Speaks' claims for attorney's fees and costs.

¶15       Speaks contends Lyft waived its objections by not raising them (1) after Speaks claimed entitlement to fees and costs in his response to the motion to set aside or (2) after the court issued its October 15, 2018 minute entry. As to the first argument, Speaks only stated that he "should be awarded his attorneys' fees and costs." The mere fact that Lyft did not express a contrary position in its reply did not preclude it from challenging the specifics of Speaks' fee claim, which Speaks had not yet presented. Regarding the second argument, the October 15, 2018 minute entry directed Speaks to "lodge a proposed form of order, consistent with this minute entry, along with any necessary documents to support any requested award of attorney's fees and costs, by October 31, 2018," which it did. Lyft was not obligated to respond to the minute entry to preserve its challenges to whatever documents Speaks later filed.

¶16       Speaks also contends Lyft "should have filed a time-extending motion for new trial on the attorneys' fees issue." But it was Speaks' notice of appeal that deprived the superior court of jurisdiction to

resolve Lyft's motion for reconsideration. *See Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 7, ¶ 18 (quoting *Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 467 (1974)) ("The principle is well established that an appeal generally divests the trial court of jurisdiction to proceed except in furtherance of the appeal.") (App. 2018)). Speaks cites no authority suggesting Lyft instead should have filed a motion that would have extended *its* time to appeal.

¶17 Lyft argues the court erred by awarding fees for Speaks' time responding to its motion to vacate because Lyft succeeded on the motion. Lyft contends that no statute authorizes attorney's fees to be granted against it as the successful party on the motion. *See Schwab Sales, Inc. v. GN Const. Co.*, 196 Ariz. 33, 35, ¶ 4 (App. 1998) (Attorney's fees cannot be granted "without authorization by statute, rule, or otherwise"). However, being a successful party is only one factor for the court to consider in ruling on the reasonableness of the fees requested. *See* A.R.S. § 12-1598.13(H) ("The court may award a reasonable attorney's fee to the party for whom the writ was issued and against the garnishee if the writ was not answered within the time specified . . . .") Because the court issued an award of fees against Lyft for its failure to answer the writ, A.R.S. § 12-1598.13(H) authorizes an award of "reasonable attorney's fees." Further, Rule 60(b) allows the court to determine the "just terms" necessary to vacate a judgment. Therefore, the court did not err by awarding fees to Speaks, but Lyft should be allowed to respond to the specific amounts claimed.

¶18 We vacate the attorney's fees and costs awards and remand so that Lyft may respond to Speaks' proposed form of judgment, statement of costs, and fee application.

## ATTORNEY'S FEES ON APPEAL/CROSS-APPEAL

¶19 Both parties request their attorney fees incurred in this appeal and cross-appeal. Speaks requests fees under A.R.S. § 12-1598.13(H), which provides in relevant part:

> If the garnishee fails to appear or file and serve the answer after the service of the order requiring the appearance in person or answer on the garnishee, the court may render judgment by default against the garnishee for the full amount of the judgment against the judgment debtor. The court may award a reasonable attorney's fee to the party for whom the writ was issued and against the garnishee if the writ was not answered within the time specified in the writ and a petition

requiring the garnishee to appear or answer was filed as provided in this section.

The statute's reference to a single court entering default judgment and awarding fees suggests its scope is limited to reasonable fees incurred in superior court. *See Powers v. Carpenter*, 203 Ariz. 116, 118, ¶ 9 (2002) ("In interpreting statutes, we look to the plain language as the most reliable indicator of meaning."). Nonetheless, we would decline to award attorney's fees in this case under the discretion the statute affords, even if we were to assume the statute authorizes them on appeal.

**¶20** Speaks also cites *Robert E. Mann Const. Co. v. Liebert Corp.*, 204 Ariz. 129 (App. 2003), as a basis for awarding fees. The *Robert E. Mann* court did not interpret A.R.S. § 12-1598.13(H); it instead held that "[a] party cannot fail to request fees for an appeal or special action from the appellate court and then ask the trial court to award fees incurred in the appellate court." 204 Ariz. at 132, ¶ 5. That has not occurred here.

**¶21** Lyft requests attorney's fees under A.R.S. § 12-349(A)(1), contending Speaks' appeal lacked substantial justification. An appeal lacks "substantial justification" if it "is groundless and is not made in good faith." A.R.S. § 12-349(F). Although we reject Speaks' arguments, there is no basis in the record to conclude he did not raise them in good faith. For these reasons, we decline to award fees to either side.

## CONCLUSION

**¶22** We affirm the court's ruling setting aside the default judgment against Lyft, vacate the associated attorney's fees and costs awards, and remand so that Lyft may respond to Speaks' attorney's fees and costs claims. Lyft may recover its taxable costs incurred in this appeal and cross-appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

