[Civil No. 2552.   Filed January 18, 1927.]

[252 Pac. 187.]

THE JOURNAL–MINER PUBLISHING COMPANY, a Corporation, Appellant, v. FRANK E. CURLEY, Appellee.

Messrs. Ellis & Byrne, for Appellant.

Mr. Leo T. Stack, for Appellee.

LOCKWOOD, J.—This is an action by Frank E. Curley, hereinafter called appellee, against the Journal-Miner Publishing Company, a corporation, hereinafter called appellant, to recover on a promissory note executed by the latter. The case was tried to the court without a jury and judgment rendered in favor of the appellee, and the matter is before us for review. There is but one issue for us to examine, and that is whether or not there was sufficient consideration for the note in question. The question is solely one of law, as the material facts are not disputed, but it is necessary that we state them briefly.

Some time during the World War the Northern Arizona Bar Association passed a resolution reflecting severely upon the conduct of one of the prominent members of the bar of this state. These resolutions were published by appellant in a daily newspaper conducted by it, and some time thereafter an action for libel was instituted against it and a number of the attorneys responsible for the passage of the resolution. R. L. Morrison and H. H. Linney, of Prescott, Arizona, appeared as attorneys of record for all of the defendants in that action with the full knowledge and consent of appellant. During the preparation for the trial of the case, Mr. Linney approached appellee for the purpose of securing his services in connection with the defense, and he was employed directly by and through Linney and Morrison. After considerable labor on the part of appellee in the preparation of the answers which were filed on behalf of the various defendants in the libel suit, including appellant, and the taking of voluminous depositions for use in the trial of the case, it was finally agreed between counsel for

plaintiff and defendants therein that the matter might be adjusted by a compromise upon the payment to plaintiff of certain expenses. Appellee was asked to send in a bill for his services, which he did, the amount being a fee of $1,000 and certain expenses additional. He was asked if he was willing to take $400 in cash and the note of appellant for the balance,. which he stated was perfectly satisfactory to him.

Up to this time appellant had taken no active part in the defense of the case for the reason it had understood the Northern Arizona Bar Association would look after its interests in the matter. On December 11, 1922, George W. Nilsson, a member of the law firm of Anderson, Gale & Nilsson, came into the office of appellant, presented the note in question to its president, J. W. Milnes, and informed him in substance that the case was about to be settled and that appellant was to pay one-third of the costs, the note representing its share. Nilsson also stated that this was to apply on appellee's fee for his services, explaining his employment in the case. Milnes remonstrated, stating that he understood appellant was to undergo no expenses in the matter, whereupon Nilsson told him that unless appellant executed the note the case would be dismissed as to the other defendants and appellant would have to fight it alone. After a short discussion between Milnes and Lyle Abbott, the secretary of appellant, they agreed to sign the note, and it was duly executed by appellant through its officers and delivered to Nilsson, who turned it over to Curley, and the action was dismissed *in toto*. Up to the time of this conversation appellant had no knowledge that appellee had ever been employed in connection with the libel suit, nor had it authorized such employment.

Milnes was approached in regard to the payment of the note several times after it became due, and

at least once in writing and several times orally impliedly if not directly admitted liability thereon. There is no dispute that appellee did render the services and that they were fully worth the sum charged by him, the only question being whether or not on the foregoing statement of facts there was sufficient consideration for the note.

It appears that originally, so far as appellant was concerned, Morrison and Linney only were its attorneys in the libel suit. Whether or not there was any agreement on its part to pay them for their services or others were to assume that responsibility is immaterial. They were, with its knowledge, acting as its attorneys and had the usual authority of general attorneys. Under such circumstances they employed appellee to assist them as associate counsel in the conduct of the action.

The rule of law governing this situation is well stated in 6 C. J. 733, as follows:

"As an attorney has no implied power under a general retainer to employ associate counsel the client is not liable to counsel so employed unless he has authorized the employment or has ratified the act of the original attorney in employing assistants with full knowledge of the fact that the attorney so employed is to look to him for compensation. . . . The ratification by the client need not be express, but may be implied from circumstances, as from *a failure to repudiate the employment on becoming aware the assistant counselor looked to him for his fees, coupled with acceptance of the benefit of his services. . . .*" (Italics ours.)

In this case, when Nilsson presented the note to appellant, it was then, if not before, fully informed as to appellee's services, his demand for payment, and that it was expected to pay the sum in question, and with full knowledge of these facts it executed the note and accepted the benefit of the settlement of the libel suit made thereafter. We think that under the

rule above stated this was sufficient consideration for the note.

The judgment of the superior court of Yavapai county is affirmed.

ROSS, C. J., and McALISTER, J., concur.