NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CYNTHIA CHASAN, *Plaintiff/Appellant,*

*v.*

FARMERS INSURANCE EXCHANGE; FARMERS INSURANCE
COMPANY OF ARIZONA, et al., *Defendants/Appellees.*

No. 1 CA-CV 14-0832
FILED 4-5-2016

Appeal from the Superior Court in Maricopa County
No. CV1999-004815
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Law Offices of Richard Langerman, Phoenix
By Richard W. Langerman
*Counsel for Plaintiff/Appellant*

Broening Oberg Woods & Wilson, PC, Phoenix
By James R. Broening, Jathan P. McLaughlin, Kevin R. Myer
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

---

**G E M M I L L**, Judge:

¶1        Cynthia Chasan and the estate of her late husband, Dow Chasan (collectively "Chasan") challenge the Maricopa County Superior Court's ruling awarding attorney fees and sanctions to Farmers Insurance Company of Arizona ("FICA") and Farmers Insurance Exchange ("FIE"). For the reasons set forth below, we affirm.

## BACKGROUND

¶2        We address only the facts relevant to this appeal; other details may be found in our three earlier decisions: *Chasan v. Farmers Group, Inc.*, Case No. 1 CA-CV 03-0102 (Ariz. App. Jan. 20, 2005) (mem. decision) ("*Chasan I*"); *Chasan v. Farmers Group, Inc.*, Case No. 1 CA-CV 07-0323, 2009 WL 3335341 (Ariz. App. Sept. 24, 2009) (mem. decision) ("*Chasan II*"); and *Estate of Chasan v. Farmers Ins. Exchange*, Case No. 1 CA-CV 12-0397, 2013 WL 2297026 (Ariz. App. May 23, 2013) (mem. decision) ("*Chasan III*").

¶3        Chasan sued the Farmers Insurance group of companies in 1999, alleging breach of contract and bad faith stemming from a 1998 burglary. Chasan's amended complaint, filed in 2000, named four Farmers entities: FICA, FIE, Farmers Group Inc. ("FGI"), and Fire Insurance Exchange ("FIRE"). In 2002, the trial court granted summary judgment in favor of all four defendants. Chasan appealed; in *Chasan I*, we reversed the summary judgment ruling and remanded for further proceedings.

¶4        Following *Chasan I*, Chasan's claims against FGI and FIRE were again resolved by motion. Chasan's claims against FICA and FIE went to trial, where the jury found for the Chasans and awarded them compensatory and punitive damages. FICA and FIE appealed, and in *Chasan II*, we reduced the punitive damages award to Mrs. Chasan, vacated the punitive damages award to Mr. Chasan, reversed and vacated an additur entered for Mr. Chasan, and vacated the attorney fees award to the Chasans. 2009 WL 3335341 at *16, ¶¶ 71–73. We also found that FICA and

FIE were successful parties entitled to recover reasonable attorney fees and costs. *Id*. at *16, ¶ 70.

**¶5**          On remand following *Chasan II*, the trial court affirmed, in large part, the jury's compensatory damages awards and again awarded punitive damages to Mr. Chasan. The trial court also ruled that the Chasans were successful parties entitled to recover reasonable attorney fees and costs. As a result, the trial court denied FICA's and FIE's motion for sanctions under Arizona Rule of Civil Procedure ("Rule") 68, explaining that the motion hinged on an offer of judgment to Chasan for $133,333.33, including attorney fees and costs.

**¶6**          Both sides appealed, which led to *Chasan III*. There, we determined the judgments the Chasans obtained were not more favorable than FICA's and FIE's December 14, 2000 offers of judgment. *Chasan III*, 2013 WL 2297026, at *6–*10, ¶¶ 25–36. We vacated the fee awards to the Chasans, deemed FICA and FIE  the successful parties from December 14, 2000 forward, and remanded for a determination of a reasonable attorney fees award to FICA and FIE. *Id*. at *9, ¶ 36. We also determined that FICA and FIE would be eligible to request Rule 68 sanctions and explained that the trial court "may consider [Chasan's] argument that, although FICA and FIE were jointly represented, FICA cannot recover attorneys' fees because the bills were sent to and paid by FIE . . . . " *Id*.

**¶7**          On remand, FICA and FIE moved for an award of attorney fees and Rule 68 sanctions. Chasan opposed the motion, arguing that neither FICA nor FIE paid the fees they sought to recover. Chasan also applied for a supplemental attorney fees award, arguing that she was the successful party from October 10, 2002 forward.

**¶8**          The trial court granted FICA's and FIE's requests for attorney fees and Rule 68 sanctions and denied Chasan's supplemental fee application. The trial court entered judgment against Chasan for $223,416 in attorney fees and $100,915.81 in Rule 68 sanctions. Chasan timely appeals. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## DISCUSSION

**¶9**          This appeal hinges on the parties' competing interpretations of A.R.S. § 12-341.01 and Rule 68. We review these interpretations de novo, using principles of statutory construction. *See Halt v. Gama ex rel. Cty. of Maricopa*, 238 Ariz. 352, 354, ¶ 9 (App. 2015); *Arizona Tile, LLC v. Berger*, 223 Ariz. 491, 498–99, ¶ 35 (App. 2010).

## I.    Attorney Fees Award to FICA and FIE

**¶10**    Chasan argues neither FICA nor FIE can recover attorney fees because the fees were paid by FIRE, not FICA or FIE.  Chasan contends that the "billing statements prepared . . . indicate that the firm's client in the Chasan litigation was FIRE" and therefore FICA and FIE are precluded from recovering attorney fees under A.R.S. § 12-341.01(B), which limits the recovery of fees to "the amount paid or agreed to be paid."

**¶11**    This court has explained that § 12-341.01(B)[1] imposes two prerequisites on the recovery of attorney fees: (1) an attorney-client relationship between the litigant and counsel; and (2) a "genuine financial obligation on the part of the litigant" to pay the fees.  *Moedt v. Gen. Motors Corp.*, 204 Ariz. 100, 103, ¶ 11 (App. 2002) (internal citation and quotation omitted).  Chasan points to a 2014 letter from counsel providing the address to which billing statements "generally" were sent and three checks issued by "Farmers Insurance Group of Companies/Fire Insurance Exchange" as proof that neither FICA nor FIE actually paid — or incurred an obligation to pay — attorney fees.  *See* A.R.S. § 12-341.01(B).

**¶12**    Even assuming FIRE made payments to counsel, FICA and FIE had an attorney-client relationship with counsel and accepted the benefits of representation.[2]  FICA and FIE therefore incurred an obligation to pay attorney fees.  *See Wilcox v. Waldman*, 154 Ariz. 532, 538 (App. 1987) ("[T]he fact that fees may ultimately be borne by third parties . . . does not prevent the successful party from meeting the requirements of A.R.S. § 12-

---

[1] In relevant part, A.R.S. § 12-341.01 provides:

> A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees.
>
> . . .
>
> B. The award of reasonable attorney fees pursuant to this section should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid.

[2] Neither FICA nor FIE appear to dispute that another Farmers entity paid at least a portion of the fees.

341.01(B)"); *see also Journal-Minter Publ'g Co. v. Curley*, 31 Ariz. 280, 282–83 (1927) (explaining that when services are rendered to a client, the obligation to pay for those services arises regardless of whether a written agreement exists).

**¶13**        Chasan cites *Lisa v. Strom*, 183 Ariz. 415 (App. 1995), to support her contention that FICA's and FIE's obligation to pay fees was not genuine.  But *Lisa* is distinguishable on multiple grounds.  There, we held an attorney-litigant representing himself, his wife, and his marital community could not recover attorney fees under A.R.S. § 12-349.  *Lisa*, 183 Ariz. at 418–20.  We explained that "[t]he judicial system would be unfair if an attorney-litigant could qualify for a fee award without incurring the potential out-of-pocket obligation that the opposing nonlawyer party must bear in order to qualify for a similar award."  *Id.* at 419.  We further noted that an award of fees would not have made the parties whole because any hypothetical payment would have been "made by the [marital] community to itself."  *Id.* at 420.

**¶14**        Neither FICA nor FIE is an attorney-litigant and neither represented itself in this litigation.  The facts of this case thus are much closer to *Caruthers v. Underhill*, 230 Ariz. 513 (App. 2012).  There, the plaintiffs argued that the successful defendant, Underhill Holding Company ("UHC"), could not recover attorney fees because a related company, Underhill Transfer Company ("UTC"), paid UHC's fees.  *Id.* at 527, ¶ 60.  We found UHC could recover attorney fees because

> [t]he declaration of UHC's counsel submitted in support of UHC's application for attorneys' fees stated that, pursuant to its fee agreement with his firm, UHC was billed monthly for all attorneys' fees and other expenses incurred. It further noted that UHC had already paid for the vast majority of those fees and expenses.
>
> …
>
> Although the billing statements list Underhill [Transfer] Company and not UHC next to "Client Number," UHC's counsel explained at oral argument that the firm's software allowed only one name. In addition, many of the invoices were addressed to Underhill Holding Corporation. The record sufficiently establishes that UHC agreed to pay its attorneys' fees.

*Id.* at 527, ¶¶ 60–61.

**¶15** Here, the affidavits FICA and FIE submitted with their attorney fees application state that "the terms of the fee arrangement between the Law Firm and Farmers provide that the Law Firm be reimbursed for attorney and paralegal services at a specified hourly rate" and that "the records, and accompanying checks issued by Farmers indicate that the [billing] statements were submitted to, and paid, by Farmers." FICA and FIE also submitted a record of payments to counsel totaling $663,747.72. On this record, the trial court permissibly determined that FICA and FIE owed a genuine obligation to pay their counsel's fees. Section 12-341.01(B) does not bar FICA and FIE from recovering attorney fees.

## II. Chasan's Supplemental Application for Attorney Fees

**¶16** Chasan also challenges the trial court's denial of her supplemental application for attorney fees. On October 10, 2002, the Chasans sent a letter to counsel for FICA and FIE expressing the Chasans' then-willingness to "forego any appeal in this matter in exchange for a satisfaction of any judgment that your clients obtain." After our decision in *Chasan III*, Chasan filed a supplemental application for attorney fees, contending — for the first time — that this letter constituted a settlement offer more favorable than the final judgment FICA and FIE ultimately obtained. Accordingly, Chasan argued she is the successful party under A.R.S. § 12-341.01(A)[3] and is entitled to attorney fees from October 10, 2002 forward.

**¶17** In response, FICA and FIE argued that Chasan was precluded from asserting her successful party argument because she failed to raise it

---

[3] In relevant part, A.R.S. § 12-341.01(A) provides:

> If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees.

We assume, without deciding, that the October 10, 2002 letter constituted a "written settlement offer" for the purposes of this statute.

in *Chasan III*. The trial court agreed, denied Chasan's fee application, and awarded attorney fees to FICA and FIE "from December 14, 2000 forward."

¶18 A question that was "necessarily involved and decided" on appeal generally becomes the "law of the case" and may not be reconsidered by a trial court on remand. *State v. Bocharski*, 218 Ariz. 476, 489, ¶ 60 (2008) (quoting *State v. King*, 180 Ariz. 268, 278 (1994)); *see also Lennar Corp. v. Transamerica Ins. Co.*, 227 Ariz. 238, 242–43, ¶ 12 (App. 2011). The doctrine is meant to uphold the principle that "orderly processes of judicial procedure require an end to litigation." *State v. Maxwell*, 19 Ariz. App. 431, 435 (1973) (quoting *Gore v. Bingaman*, 124 P.2d 17, 20 (Cal. 1942)). Nonetheless, we will not preclude a court from reconsidering a prior decision if substantial injustice will result. *Lennar Corp.*, 227 Ariz. at 243, ¶ 12.

¶19 The law of the case doctrine applies here. As stated by this court, the central issue in *Chasan III* was "whether a judgment finally obtained by [Chasan] was more favorable than [FICA's and FIE's] written settlement offer she rejected a dozen years ago," implicating "the successful party determination for a statutory attorneys' fees award." 2013 WL 2297026 at *1, ¶ 1. We held Chasan was the successful party until FICA and FIE made a settlement offer on December 14, 2000; FICA and FIE were deemed the successful parties "from December 14, 2000 forward." *Id.* at *9, ¶ 36. The successful party determination was therefore "necessarily involved and decided" in *Chasan III*.[4] *See Bocharski*, 218 Ariz. at 489, ¶ 60. The trial court appropriately refused to reconsider this court's determination that FICA and FIE were the prevailing parties from December 14, 2000 forward.

¶20 We disagree with Chasan's contention that she could not have raised the October 2002 letter in *Chasan III* because she was not aggrieved by the judgment then under review. As the appellants, FICA and FIE argued they were entitled to attorney fees from December 14, 2000 forward. As the appellee, Chasan did not need to be aggrieved in order to respond to this affirmative argument. Chasan could have raised the issue of the October 2002 settlement offer during *Chasan III*. Because Chasan had a fair opportunity to present her argument, applying the law of the case doctrine on remand does not result in a "manifestly unjust decision." *Lennar Corp.*,

---

4 Because *Chasan III* held FICA and FIE to be the successful parties "from December 14, 2000 *forward*" (emphasis added), we find unconvincing Chasan's argument that the court's decision did not address whether FICA's and FIE's success "would continue indefinitely."

227 Ariz. at 243, ¶ 12 (quoting *Dancing Sunshines Lounge v. Indus. Comm'n*, 149 Ariz. 480, 482 (1986)).

**¶21**      Furthermore, even if the law of the case doctrine does not apply here, we agree that Chasan waived the argument that the 2002 letter changed the successful party calculus. As this court has explained, "issues not raised and argued in a first appeal may not be raised later in a second appeal." *Jimenez v. Wal-Mart Stores, Inc.*, 206 Ariz. 424, 427, ¶ 11 (App. 2003) (citing *Carrillo v. State*, 169 Ariz. 126, 132 (App. 1991)). In *Chasan III*, Chasan had the opportunity to argue that she was the successful party as of October 10, 2002. Because Chasan did not clearly raise and argue the issue until after *Chasan III*, she has waived the argument. *See Carrillo*, 169 Ariz. at 132. The trial court correctly determined that she could not assert it on remand. Accordingly, we affirm the trial court's denial of Chasan's supplemental application for attorney fees.

### III.    Rule 68 Sanctions Award to FICA and FIE

**¶22**      Chasan also challenges the trial court's award of Rule 68 sanctions. We review the imposition of sanctions for an abuse of discretion. *Berry v. 352 E. Virginia, LLC*, 228 Ariz. 9, 15, ¶ 31 (App. 2011).

**¶23**      Chasan first contends *Chasan III* held that "the trial court should limit the sanctions to the costs/expenses actually paid by each party." We did not so hold; instead, we found FICA and FIE were eligible to request Rule 68 sanctions upon remand. *Chasan III*, 2013 WL 2297026, at * 8, *10, ¶¶ 31, 36.

**¶24**      Chasan also argues FICA and FIE cannot recover Rule 68 sanctions because FIRE allegedly paid their costs and expenses. Rule 68, as it existed in 2000 when FICA and FIE made their offers of judgment,[5] authorized an award of "reasonable expert witness fees and double the taxable costs of the offeror . . . *incurred* after making the offer." Ariz. R. Civ. P. 68(d) (emphasis added). Chasan does not dispute that the costs FICA and FIE sought to recover were incurred on their behalf. Therefore, even assuming FIRE actually paid the costs, FICA and FIE incurred them. FICA and FIE may therefore recover Rule 68 sanctions.

---

[5] The parties stipulated in *Chasan III* that the 2000 version of Rule 68 applies to FICA's and FIE's offers of judgment. 2013 WL 2297026, at *7 n.7, ¶ 26. In any event, the language of the current Rule 68(d) is substantially similar on this point.

## CONCLUSION

**¶25** We affirm the trial court's awards of attorney fees and Rule 68 sanctions to FICA and FIE. Both sides request attorney fees on appeal pursuant to A.R.S. §§ 12-341.01(A) and 12-349. In our discretion, we deny these requests. Because FICA and FIE are the successful parties in this appeal, they are entitled to taxable costs upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama